GILBERT ET AL. *vs.* NEPHLER AND BOYLE.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF EAST BATON ROUGE, THE JUDGE OF THE DISTRICT PRESIDING.

Where the plaintiffs discontinue their suit, and afterwards revive or renew it, on a rule to show cause served on the adverse party, and obtain judgment, which, although it is not appealed from, yet it will be deemed *insufficient* on which to found an action against a third possessor.

When a judgment is relied on as the only evidence of a debt, for which the property of a third possessor is attacked, it is but fair, and he has the right to open it, and inquire into the manner in which it has been obtained.

Where a judgment, set up as the basis of an action against third persons, is attacked as fraudulent and collusive, it devolves on the party offering it to prove his debt or demand by legal evidence.

EASTERN DIST.
*March*, 1840.

GILBERT ET AL.
*vs.*
NEPHLER
AND BOYLE.

| 15 | 59 |
| 117 | 819 |

The plaintiffs allege, that one Lloyd Gilbert was their tutor, who was largely indebted to them, and they obtained a judgment for the amount due, which gave them a lien or mortgage on all the property of the tutor; that the defendants are in possession of very valuable property in the town of Baton Rouge, which they obtained from Lloyd Gilbert, and which is, as they allege, subject to their mortgage.

The defendants aver that they are possessors and owners of the property under the will of one Ramon Mon, deceased. That the judgment under which the plaintiffs claim to have a legal mortgage, was obtained by fraud and collusion, and is on its face a nullity. They pray that the plaintiff's demand be rejected and they quieted in the possession of their property.

The character of the judgment set up as the basis of the suit, is stated and explained in the opinion of this court, and the facts and evidence concerning it need not be recapitulated.

There was judgment for the defendants, and the plaintiffs appealed.

*Elam* and *Avery*, for the plaintiffs and appellants.

*Brunot*, for the defendants.

EASTERN DIST.
*March*, 1840.

GILBERT ET AL.
*vs.*
NEPHLER
AND BOYLE.

*Morphy, J.,* delivered the opinion of the court.

This is an hypothecary action, in which a house and lot in the occupancy of the defendants, is sought to be made liable for plaintiffs' claim against their former tutor, Lloyd Gilbert, to whom said property belonged during the tutorship. The defendants aver that they are the possessors and owners of the property as universal legatees of one Ramon Mon; that the judgment on which plaintiffs rely as the evidence of their claim against their tutor was obtained through fraud and collusion. That it is null and void on the very face of the proceedings, having been rendered without citation or any defence, &c. The circumstances under which this judgment was pronounced by the parish judge of Ascension, are somewhat peculiar. It appears that an action had been brought by the plaintiffs against the estate of their tutor, before the probate judge, Carlin D'Outremer, the predecessor of the present incumbent; that the accounts had been partially audited and passed upon, when, on the 5th of April, 1827, the plaintiffs obtained leave to discontinue their suit; that two years and a half afterwards, the plaintiffs re-appeared in the court of probates, where the present judge was then sitting, and took a rule on the curatrix of the estate of Lloyd Gilbert, to show cause why the suit should not be reinstated; on this rule the suit was revived and proceeded in *ex parte* by the judge, who went on to determine what he considered to be the remainder of the case. He then pronounced the judgment which forms the basis of the present action. We know of no law sanctioning such a course of proceeding. When a suit is discontinued, there is nothing before the court; but the party discontinuing is at liberty to bring a new action after paying the costs of the first suit. *Code of Practice, article* 492. When a judgment is relied on as the only evidence of a debt for which the property of a third possessor is sought to be made liable, it is but fair and just that it should be open to inquiry as to the manner in which it has been obtained. If, in contemplation of law, it be no judgment at all, the third possessor to whom it is opposed, has the undoubted right, under proper averments, to point out all

Where the plaintiffs discontinue their suit, and afterwards revive or renew it on a rule to show cause served on the adverse party, and obtain judgment, which, although it is not appealed from, yet it will be deemed *insufficient* on which to found an action against a third possessor.

When a judgment is relied on as the only evidence of a debt for which the property of a third possessor is attacked, it is but fair, and he has the right to open it, and inquire into the manner in which it has been obtained.

the nullities which he may discern in it, and disrobe it of that judicial garb which makes it *prima facie* evidence of the correctness of the claim set up against his property. But here the defendants have, moreover, pleaded against this judgment, that it was obtained through fraud and collusion. Under the repeated decisions of this court, such a plea has been holden to throw on the party claiming under a judgment, the burthen of proving the debt on which it was obtained. The plaintiffs having failed to make any such proof, we think that the judge below was correct in deciding that they should take nothing by their proceeding.

It is, therefore, ordered, that the judgment of the District Court be affirmed, with costs.

Eastern Dist.
*March*, 1840.

Where a judgment, set up as the basis of an action against third persons, is attacked as fraudulent and collusive, it devolves on the party offering it to prove his debt or demand by legal evidence.