JEAN PIERRE MICHEL *v.* COLLINS BLACKMAN.

Plaintiff moved to dismiss his action, at his costs, and an order was made accordingly, but before the order of dismissal was signed, it was set aside on his own motion, without notice to defendant. A judgment by default was subsequently taken, and confirmed against the defendant. On appeal by the latter : *Held,* that after dismissing his action, plaintiff could not have the order of dismissal set aside, and the case re-instated without notice to defendant.

APPEAL from the District Court of Pointe Coupée, *Nicholls,* J. *Labauve,* for the plaintiff.

*L. Janin,* for the appellants.

GARLAND, J. This is a petitory action, in which the plaintiff sets up title to a tract of land, which he alleges the defendant has taken into possession, under the pretence of an adverse title, and on which he has committed trespasses and waste, by cutting timber, wood for the use of steamboats, &c. The petition concludes with a prayer, that the wood lying on the ground may be sequestered, and that the plaintiff may be quieted in his title.

The defendant answered by a general denial, and an allegation of title to the premises on which he had cut the wood. Interrogatories were propounded to him by an amended petition, to which he answered, that the cords of wood sequestered were not cut within the limits of the tract of land claimed by the plaintiff. Before a trial was had on these issues, Collins Blackman died, and an order was made reviving the suit against his heirs and legal representatives. Notice of this revival was not served on the tutor of the heirs, who are minors, until nearly eighteen months afterwards. In the meantime, the plaintiff made a motion to discontinue his suit, and it was dismissed at his cost; but before a regular judgment was signed, he prayed the court to set the order of dismissal aside, which was done, without notice to the defendant. Sometime after, the tutor of the minors was cited to appear; he made default, and a final judgment was rendered in favor of the plaintiff, from which the present tutor of the minors has appealed.

Shortly after the judgment by default was made final, the plaintiff withdrew from the Clerk's office the original title papers,

on, which he relied to obtain a judgment, leaving his receipt for the same, so that no statement of facts could be made. The record comes up with a certificate of the Clerk, that it contains all the evidence upon which the cause was tried, except the documents withdrawn by the plaintiff.

The counsel for the appellant assigns as one of the errors apparent on the face of the record, that, on the 21st May, 1839, the suit was dismissed on the plaintiff's own motion and at his cost; and that he had no right to have such judgment of dismissal set aside, and the cause re-instated on the docket, without a notification to the defendant. We think this objection fatal to the plaintiff's action. It would lead to many difficulties, and often enable a plaintiff to entrap a defendant, were he permitted to dismiss his action, and, after the latter had left the court, re-instate it without notice, and obtain a judgment. 15 La. 59.

It is, therefore, ordered, that the judgment be annulled and reversed; that a judgment of nonsuit be entered against the plaintiff; and that he be condemned to pay the costs in both courts.