Garland, J.
The plaintiffs are the heirs of the late Walker Gilbert, whose succession was opened in the parish of Ascension, about the year 1818. Shortly after his decease, Lloyd Gilbert, a resident of the parish of East Baton Rouge, was appointed tutor of the plaintiffs, who were minors. He acted as such until his *16 death, in the year 1825, when Landry and Picou were appointed representatives of the minors.* The widow of Lloyd Gilbert administered upon his estate, which proved to be insolvent. Shortly after her appointment as curatrix, Landry and Picou cited her into the Court of Probates of the parish of Ascension, to render an account of the administration of Lloyd Gilbert, as the tutor of the plaintiffs. An account was rendered, and the case was tried. The Judge declared, that “having heard the parties interested in the-rendition of the above account, the heirs of Walker Gilbert as well as the curatrix of Lloyd Gilbert’s estate, represented by counsel, I have settled the liquidation of the said account as follows, viz: the half of the estate accruing to the heirs of Walker Gilbert at twenty-nine thousand six hundred and eighteen dollars, out of which sum there must be deducted the half of the debts allowed, amounting to seven thousand six hundred and seventy-nine dollars and sixty cents and a half; and it remains to be decided on the half of the account and vouchers laid over for further examination, amounting to six thousand seven hundred and seven dollars sixty-seven cents and a half.” This was signed by the Judge, and dated the 12th September, 1825. Nothing more was done in the case until the 5th of April, 1827, when the attorney for the plaintiffs moved the court for leave to-discontinue the suit, and it was granted, on the payment of costs by the plaintiffs. On the 27th of October, 1829, the plaintiffs in the aforesaid case took a rule on Mrs. Gilbert, the curatrix, to show cause why the above order of discontinuance should not be set aside, and why the court should not proceed to a final liquidation of the account of the minors, because said order was irregularly and inconsiderately granted, and was contrary to law, a judgment having been already rendered on part of the account. To this rule the curatrix answered, that the court had no power or authority in law now to do any act or thing, or to make any order touching the said judgment, which is final. It is denied that the discontinuance was contrary to law, or was improperly taken, it being the act of the plaintiffs, themselves. The rule was made *17 absolute, and shortly after the court proceeded, without any further answer and in the absence of the curatrix, to a settlement and final liquidation of the account rendered by her ; whereupon, after recapitulating the previous proceedings, a judgment was rendered on the 22d of March, 1830, fixing the balance due by the estate of Lloyd Gilbert to the minors for whom he was tutor, at the sum of $21,445 37, with interest at five per cent from the 7th day of March, 1825, until paid.
Some time after the rendition of this judgment, the curatrix filed in the Probate Court of East Baton Rouge, where the succession of Lloyd Gilbert was opened, a tableau of the debts, stating their rank and privilege ; and she prayed to be permitted and authorized to pay them. On this tableau the heirs of Walker Gilbert were not placed as creditors, in consequence of which, they opposed its homologation. On a final hearing, they were recognized as creditors, and ordered to be placed on the tableau, for the sum above stated, with interest; and their general mortgage was recognized.
The petitioners set forth all these proceedings in detail; allege the receipt of large sums of money by their tutor ; aver that the defendants are in possession of certain property owned by Lloyd Gilbert in his lifetime, on which their legal mortgage exists; and pray that it may be seized and sold to satisfy their demand.
The defendants answer, that this question has been decided by a judgment rendered in the case of the present plaintiffs against Nephler and Boyle. See 15 La. 59. Secondly, that the plaintiffs cannot recover against the respondents, without first having a regular settlement and liquidation of the accounts of the tutorship, which has never been done. They aver, that the judgment relied on, obtained in the Probate Court of Ascension, is illegal, irregular, and void, having been obtained without parties; and that the pretended judgment obtained in the court in Baton Rouge, has for its basis that above mentioned. They further answer, that the judgments were obtained by fraud and collusion; and allege that they have a right to contest them.
On the trial, the plaintiffs gave in evidence all the mortuary proceedings relating to Walker Gilbert’s succession, comprising the inventory and sale, and many accounts and vouchers. They *18 also produced the receipts of Lloyd Gilbert for large sums of money received on account of the minors, exceeding in amount the sum claimed as due. They exhibit the judgment of the Probate Court of East Baton Rouge, as well as that from Ascension ; and show, that the property in question belonged to Lloyd Gilbert, while he was their tutor. There was a judgment in favor of the defendants,* and the plaintiffs have appealed.
The exception of the case having been heretofore adjudged in that of the present plaintiffs against Nephler and Boyle,' reported in 15 La. 59, we think cannot prevail. The judgment in that case was one of dismissal or of nonsuit only; and cannot operate as a bar to another action. Besides this difficulty, the suit is not between the same parties, and the action is based on other grounds; although the object or judgment sought, be similar, perhaps the same.
It is very true, that the plaintiffs cannot recover against the defendants, without having their accounts against their tutors liquidated and ascertained. In the present case we think this has been done. The proceedings in the Probate Court of Ascension would not, in our opinion, be a sufficient liquidation and ascertainment of the amount, as we said in the case against Nephler and Boyle, 15 La. 59; but within a short time after these proceedings were completed, the plaintiffs again presented themselves to the Probate Court of East Baton Rouge, and, asserting that they were creditors, made opposition to a tableau or list of creditors presented by the curatrix of Lloyd Gilbert’s succession.- On the trial of this opposition, as we have before stated, the claim of the plaintiffs was recognized, and they were placed on the list or tableau for the amount claimed, their, mortgage recognized, and the curatrix ordered to pay them. Prom this judgment she has never taken any appeal. If there had been any error or fraud in the proceedings in the Probate Court of Ascension, the curatrix had an opportunity of showing the fact. No-such defence was then set up; or, if it were, it was overruled. The defendants’ counsel insists, that the judgment of the Probate Court of Ascension formed the basis of that in East Baton Rouge-, *19 which was a nullity. It is possible that such may have been the case; but, as we have not all the evidence before us on which the Judge of the latter court acted, we cannot say on what he based his judgment. We see the judgment, which has been in force for more than ten years, and we cannot disregard it. We see no evidence of fraud and collusion in obtaining either of the judgments. On the contrary, when the curatrix was present at any trial, she resisted the plaintiffs’ demand, and did not appeal from the final judgment to have it corrected or annulled, although duly notified thereof. Besides, the plaintiffs have shown by the mortuary proceedings in their ancestor’s succession, and by other evidence, the receipt of large sums of money by Lloyd Gilbert, as their tutor. On the part of the defendants nothing is shown to rebut this testimony, or to raise any presumption of fraud, further than the irregular proceedings in the Probate Court of Ascension go to establish that fact. In those proceedings we do not see any thing fraudulent, although, we think, the reinstating the suit after it had for a long time been discontinued by the plaintiffs, was irregular and illegal, and does not confer any right on them. But other evidence being now give¡n, making the case different from what it was in the instance of Nephler and Boyle, our judgment must be governed by it.
Duffel, for the appellants.
Brunot, for the defendants.
The judgment of the District Court is, therefore, annulled and reversed; and it is ordered and decreed, that the plaintiffs, Albert G. Gilbert and others, do have judgment in their favor; and that the defendants, Philip Burg and others, pay to them the sum claimed in their petition, to wit, the sum of eighteen thousand, nine hundred and seventy-seven dollars and sixty-two cents, with interest, at five per cent, per annum, from the fourth day of September, 1837, until paid ; or, that they surrender the property described in the petition, to be sold under the legal or tacit mortgage existing in favor of the plaintiffs, to pay said sum, with interest aforesaid. The defendants to pay the costs in both courts.

 Landr.y was appointed tutor of one of the minors, and Picou curator ad litem of another.

 The judgment was one of nonsuit.