### GILBERT et al. *v.* MERIAM.

Where, in an action against the surety of a tutor, plaintiffs rely on a judgment obtained by them against their tutor, defendant may establish the nullity of the judgment so obtained.

Where an action has been discontinued, it cannot be revived by a rule to show cause, and, if such revival be allowed, any judgment subsequently rendered, will be null.

The action of a minor against his tutor is prescribed by four years, from the time of his majority.    C. C. 356-

The condition of a surety cannot be more onerous than that of the principal.    The surety may avail himself of every defence which his principal could have used, and may plead any prescription by which the creditor's demand has been extinguished.    C. C. 3006, 3029,

APPEAL from the District Court of Iberville, *Nicholls*, J.

*Labauve*, for the plaintiffs.    This is an action upon a tutor's bond, against the defendant as surety.    The only serious defence is the plea of prescription, established by art. 356 of Civil Code.    The prescription relied on, is inapplicable to this demand, which is against the surety on the bond, and not against the tutor for a rendition of accounts.    6 La. 161.    1 Mart. N. S, 334.    Toullier, 2d vol nos. 1275—6.    Whether the tutor is yet liable and bound to account, is not the question; but the question is, whether he has accounted and paid over all moneys in compliance with the bond.

The tutor, as such, took possession of lands, slaves and moveables belonging to his wards, the plaintiffs, and though the action for a rendition of accounts may

<div style="text-align: right">GILBERT<br>*v.*<br>MERIAM.</div>

be prescribed, the demand for a restitution of the property cannot be prescribed but after the lapse of thirty years; and as long as the plaintiffs have an action for the restitution of such property, an action lies on the bond against the surety. Napoléon Code, art. 2236. Louisiana Code, art. 3476. *Troplong*, Traité de la Préscription, vol. 2, nos. 472, 487, 488, 489. The defendant should be decreed to pay one-third of the bond.

*W. E. Edwards*, for the appellant. The judgment of the Probate Court of Ascension is null, and defendant may show that it is so. 15 La. 59. The action against the tutor, and consequently against his surety, is prescribed by four years. Civ. Code, art. 356. 10 Robinson, 173. 6 La. 161.

The judgment of the court was pronounced by

KING, J. The plaintiffs allege that their father died leaving a large succession, which was taken possession of and administered by their tutor, *Lloyd Gilbert*. That by a decree of the Court of Probates of the parish of Ascension, the succession of the deceased was finally settled, and their shares ascertained to be $21,445 37, which sum was received by their tutor, who has paid no part of it to them. That for the faithful administration of their estates, their tutor gave a bond in the sum of $26,000, for one-third of which, the defendant, *Meriam*, became surety, and they pray judgment against *Meriam* for $8,666 66, the amount of his alleged liability on the bond. The defendant, in his answer, avers that the plaintiffs have received the full amount of their inheritance, from their ancestor; that the alleged decree of the Court of Probates of the parish of Ascension is null; and he pleads the prescriptions of four, five, ten and twenty years, in bar of the action. The lower court determined that the right of action of two of the plaintiffs, viz. *A. G. Gilbert* and *W. H. Gilbert*, was prescribed by the lapse of ten years, rejected their demand, and rendered a judgment in favor of the remaining plaintiff, *Butler Gilbert*, from which the defendant has appealed.

The evidence establishes clearly, that more than ten years intervened between the dates at which the two eldest of the plaintiffs attained the age of majority and the inception of this suit. The youngest brother, *Butler Gilbert*, became of full age a little more than six years before the commencement of the suit. The defendant contends that his right of action has been extinguished by the prescription of four years, established by the 356th article of the Civil Code. It is urged by the plaintiffs, that this is not an action against a tutor respecting acts of tutorship, nor to compel him to render an account of his tutorship; but a suit to recover an inheritance, which is alleged to have gone into the hands of the tutor, the amount of which has been determined by a final decree, rendered on a suit to account, to which the prescription of four years does not apply.

The evidence mainly relied on to sustain the plaintiffs' demand, is a judgment of the Probate Court of the parish of Ascension, which purports to settle the succession of *Walker Gilbert*, deceased. That judgment, it is contended, is null, and that its nullity is apparent upon the face of the record. It was so held to be in the case of *Gilbert et al.* v. *Nephler & Boyle*, in which the present plaintiffs were endeavoring to enforce it against third possessors of property derived from *Lloyd Gilbert*, during the existence of the tutorship. 15 La. 60. The circumstances under which it was determined to be null, are stated in the opinion of the Supreme Court referred to. We concur in the opinion expressed by the late court, upon the identical evidence now before us and under similar pleadings, that the judgment is void; and this surety, against whom it is produced as the evidence of a debt, may avail himself of that nullity in defence. Apart from this judgment, which we must disregard, there is no evidence showing that an account has ever been rendered by the tutor, or that a settlement of the succes-

21

GILBERT
v
MERIAM.

sion of *Walter Gilbert* has ever taken place; nor is the amount of the plaintiffs' estate, received by the tutor, otherwise established.

The account of sales of the effects of the succession of the deceased has been produced, from which it appears that property to a large amount was sold, the proceeds of which must have been received by the tutor, on whom the administration of the estate chiefly devolved.    It is also shown that the estate was largely indebted.    No settlement having taken place or account having been rendered, if the tutor were still living, it is clear that the only action that could be instituted against him, would be one to account, and that action is prescribed. Civil Code, art. 356. 10 Rob. 173. 6 La. 162.

The condition of the surety cannot be more onerous than that of his principal; he may avail himself of every defence that his principal could have used, and may plead the prescription by which the creditor's demand has been extinguished.    Civil Code, arts. 3006, 3029.

It is therefore ordered that the judgment of the District Court be avoided and reversed, and that there be judgment for the defendant, with costs in both courts.