1'lsley, J.
Several of the creditors of John F. McGinn had issued executions in the judgments which they had respectively obtained.against their debtor, and, in virtue thereof, the sheriff, on the 4th December, 1860, levied on a stock of goods.
Subsequently, on the 20th March, 1861, the plaintiffs, third opponents, caused to be stayed in the sheriff’s hands the jiroceeds of John F.. Mc-Ginn’s stock of goods, out of which they claimed to be paid the amount due them, say six hundred and ninety-seven dollars, for which they held the lessor’s pledge, and claimed to be paid therefrom the amount due them by privilege and preference.
After trial in the Court below, the claim of the third opponents was sustained according to the prayer of the petition, and the balance, if any, of the proceeds of sale was ordered to be paid to the seizing creditors in the order and rank of tlieir seizures.
From this judgment the defendants have appealed. .....
A very careful examination of the record satisfies us that there is no error in the judgment of the District Court.
No objection seems to have been made to the introduction, as evidence in the trial, of the opponents’ judgment against the common debtor, John F. McGinn, by which their privilege was recognized on the .goods seized by virtue of the several fieri facias sued out by the defendants. This judgment not having been attacked for fraud and collusion, is prima facie evidence against third parties. Judson v. Connolly, 5 An., 401. Fox v. Fox, 4 An. 135. 17 La. 205. 15 La. 59. Adams v. His Creditors, 14 La. 459; and there is no evidence in the record to disprove the validity of the opponents’ claim and privilege, which is suiierior to those of the seizing creditors.
It is therefore ordered, adjudged and decreed, that the judgment of tho District Court be affirmed, at the costs of the appellants.