No. 8064.

O. A. PIERCE, KENYON ASSIGNEE, vs. W. L. CUSHING ET AL.

In the extension of time granted by this Court for filing the Transcript of appeal, days of public rest should be counted.

An agreement entered into *before* the return day, by which citation of appeal is waived and considered as served in due time, cannot be construed as a consent that the Transcript be filed after the legal delays, and a renunciation on the part of the appellee of the right to move the dismissal of the appeal on that ground.

APPEAL from the Sixth District Court, parish of Orleans. *Rightor*, J.

---

*Posey & Posey* for Plaintiff and Appellee:

First—The Court is not called upon to take better care of parties litigant than they choose to take of themselves. 7 An. 44.

Second—Any defect or error, or irregularity in bringing up the appeal, if it appears that such error, irregularity or defect is imputable to appellant, will, on motion, cause its dismissal. 15 An. 116; 22 An. 112; 29 An. 173.

Third—A failure to file the transcript within the legal delays, especially when three extensions have been granted, presents greater reasons to dismiss an appeal than in cases where the record, though filed in time, is affected only with some defect, error or irregularity. Not to dismiss it, in such case, would virtually be giving a premium to negligence. C. P. 590, 594; 10 An. 147.

26

Pierce vs. Cushing et al.

Fourth—Every appellant stipulates to prosecute his appeal with diligence. It is one of the conditions on which the law allows it to him. If he neglects to do such acts as are necessary on his part to do or to have done, in order to file his appeal in time, he violates the condition of his appeal bond, and must abide the consequences. C. P. 579, 594, 588, 589; 12 M. 505, 506.

Fifth—The appellee may avail himself of the failure of appellant to file the transcript seasonably in one of three ways: he may proceed to the execution of his judgment, by obtaining the clerk's certificate; he may bring up the record and require the affirmance of the judgment; and lastly, he may require the dismissal of the appeal. 7 M. 350; 3 An. 326.

Sixth—After the expiration of the delay given by law, or of that given by the court, the right of appellee to move to dismiss on the ground of abandonment is not affected by the filing of the transcript by the appellant before the motion to dismiss. The transcript being before the court, is sufficient under Art. 590 C. P. Palfrey vs. Winter, 8 L. 206. The appellee in such case is not bound to answer to the appeal. Id., 10 An. 76.

Seventh—When the appellant does not file the record within the time allowed by the law, nor within the further time granted by the court, and makes no effort to obtain a further extension, he must be held to have abandoned the appeal within the spirit of the 594th Art. C. P., and should not be allowed to renew it. 10 An. 234; 3 An. 226, 189; 6 R. 79; 7 La. 177; Ducournau vs. Levistones, 3 An. 245; same case, 3 An. 30; id. 279; 3 L 251; Dwight vs. McMillen, 4 An. 350; Redman vs. Mann, 23 An. 378, and 24 An. 149.

Eighth—The intention of a party to waive a substantial right is not presumed; it must clearly appear   So, where an agreement is so worded as to evidently show an intention, on the part of one of the signers; to guard against the waiver of such right, the maxim *consensus tollit errorem* does not apply. 12 La. 571; 7 La. 16; 4 La. 67.

Ninth—The reduction of previous verbal agreements to writing, or a written acknowledgment thereof, is a sufficient proof of such verbal agreement when offered in evidence for that purpose, without regard to whether such written proof was made at the time of the verbal agreement or afterwards; and it appears from the evidence in this case that citation was effectually waived by the appellee previous to the expiration of appellant's delay to file the transcript.

### *H. H. Bryan* for Defendants and Appellants:

First—A motion to dismiss comes too late after an agreement, to waive citation of appeal. 1 N. S. 133.

Second—That where a devolutive appeal is taken and the transcript is not filed in time, through no fault of appellant, the appeal will not be dismissed. 15 An. 692.

Third—That in counting the delay given by the court, "days of public rest" cannot be included, and that this transcript was filed in time.

Fourth—That the agreement made herein, waives all questions as to the manner and time of filing the transcript. 15 An. 692; 1 N. S. 133.

Fifth—That this appeal being only a devolutive one, and this cause having been at issue for nearly ten years, no damage can happen to appellee by a maintenance of the appeal, and a dismissal would only compel appellant again to appeal.

### *R. H. Marr* on the same side:

First—No appeal shall be dismissed on account of any defect, or error, or irregularity, etc., whenever it shall not appear that such defect. etc., is imputable to appellant. Act 1839, p. 170, Sec. 19; R. C. P. 898; 15 An. 116; 22 An. 112; 29 An. 763; 31 An. 504; ib. 595.

Second—In a doubtful case the appellant will have the benefit of the doubt; and the appeal will not be dismissed where it does not clearly appear that the law, construed liberally in favor of appellant, requires the dismissal. Authorities cited above; 11 La. 382; 1 An. 417; 2 An. 390; 4 An. 534.

Third—The failure of appellant to bring up the record creates the presumption of abandonment only where the appellee, on producing the record, causes the appeal to be

Pierce vs. Cushing et al.

rejected, or where he obtains the certificate of the clerk of the appellate court, and proceeds on the judgment as if no such appeal had been demanded. R. C. P. 594, 595.

Fourth—Agreements of counsel, on which the court is to act, must be in writing and filed. Par. 3, Rule xi., Supreme Court.

Fifth—The acceptance or waiver of service of citation of appeal must appear of record, or be established by the written acknowledgment of the party. 6 La., 117.

Sixth—A motion to dismiss an appeal for want of timely filing of the transcript cannot be maintained where, after the expiration of the legal delay, the appellee has accepted or waived service. 1 N. S. 136.

## On Motion to Dismiss.

The opinion of the Court was delivered by

Todd, J. The return day of the appeal in this case was the first Monday of November, 1880. The transcript was not filed on that day. Before the expiration of the time the appellant obtained an extension of thirty days to file the transcript. At the expiration of the time thus extended, fifteen days more were granted within which to perfect the appeal, which were, also, suffered to elapse without filing the record. And still a delay of fifteen days more was obtained; and after the expiration of this last delay, to wit: on the 12th January, 1881, the transcript was filed.

The appellee moves to dismiss the appeal on the ground that the transcript was not filed within the delay granted.

The law is clear that, if the transcript is not filed on the return day, or within the days of grace thereafter, or, in case of an extension, within the further delay granted, the appeal must be dismissed. C. P. 587, 589, 590, 884, 885; 14 La. 203; 7 La. 176; 3 An. 245; 4 An. 30, 279; 5 An. 42, 716, 744; 6 An. 294; 9 An. 65, 538; 14 An. 29.

The case must come under the operation of this well-established rule, unless there be something in the acts or agreements of the parties that will save it therefrom.

The appellant opposes two grounds to the dismissal of the appeal:

1. That days of "public rest" must be excluded in counting the delays granted by the Court.

2. That there was a written agreement in the transcript, the effect of which was to waive all objections that might otherwise be urged as to the time and manner of filing the transcript.

First—The appeal was taken on the 31st of July, 1880, returnable on the first Monday of November of same year. Delays, amounting in all to sixty days, were granted beyond the return day, for filing the record of appeal. These delays expired on or about the 1st of January, 1881, and the transcript was not filed, as shown, until the 12th of that month. There is nothing in the law authorizing the granting of an extension or extensions of time for bringing up a record of appeal, that

expressly or by implication requires the exclusion of days of public rest in computing the time of such delays, and the counsel have referred us to no authority in support of their motion on this point, and we see no force in it. The general rule in this particular is, that in the legal delays fixed or allowed by law all days are to be counted, unless by the terms of the law days of public rest are excluded, either expressly or by implication.

Second—The agreement relied on as showing a waiver as to time of filing the record, is in the transcript, and was filed on the 10th of January, 1881, and is to the effect that only certain parts of record which had been offered in evidence, need be copied into the transcript, and that a printed pamphlet offered should go up in the original and form part of the record; and then follows the following language : "It is further agreed, that service of copy of petition of appeal and citation thereof, on Daniel Kenyon, assignee, and appellee, is waived *nunc pro tunc*, and considered as though said service had been duly made, an agreement to that effect having been heretofore made." This agreement is signed by the attorneys of both parties, and bears no date other than the date of its filing.

The question presented is, whether this agreement had the effect to debar the appellee from moving to dismiss the appeal on the second ground of his motion that the transcript was filed too late ?

Admitting that the record was filed too late, after the expiration of the delays granted, and the appeal for this reason was subject to dismissal, and that under the law the right of the appellee was clear to move for its dismissal, a renunciation of such right cannot be inferred, unless it results irresistibly from the terms of the agreement.

We do not consider this agreement as having such an effect, or as evidencing such a waiver or renunciation. It was evidently intended to give the appellant the benefit of a prior agreement that had been made between the parties, and to which it refers. This is manifest from the words *nunc pro tunc*, and the express reference to an agreement "heretofore made." By that prior agreement, citation on the appellee had been waived, and certain documents offered in the lower court omitted from the transcript, and the original of another one offered, brought up with the record, to save expense and for the convenience of the parties.

The stipulation in the agreement that service of the petition of appeal and citation thereof shall "be considered as though the same had been *duly made*, an agreement to that effect having heretofore been made," shows that such agreement was entered into before the expiration of the time when such service could be duly made on the appellee, that is, before the orginal return day as fixed by the order of appeal. And this construction of its meaning is confirmed by the fact that no

citation of appeal ever issued and no service was ever made on the appellee.

The matter reduces itself to this : That at the time the appeal was taken there was an understanding or agreement between the parties by which certain records were omitted from the transcript, an original printed document sent up with it, service of the petition of appeal accepted and waived. In confirmation of such agreement, a writing was subsequently signed and filed *nunc pro tunc* to stand in lieu of the original agreement and be evidence of the same. Its legal effect was no more, no less, than the actual service of the petition and citation of appeal at the date of the original agreement, or in due time.

It is urged, and authorities are cited to show, that this Court can take no notice of a verbal agreement alleged by counsel for either party, where they differ with respect to such agreement. These authorities are not in point. We are giving no effect to a mere verbal agreement, but are alone considering the written statement or declaration of the parties furnishing evidence, and indisputable evidence, of such agreement. We look on the agreement as supplying the written proof that service was dispensed with, and as such, we cannot regard it as a consent to the filing of the transcript, after the delays had expired, within which the law required it to be filed.

In the case of Murphy vs. Bezont, 7 La. 16, the appeal was made returnable at the January term, when, under the law, it should have been made returnable in November previous. The transcript was filed on the 7th January. The appellee agreed in writing with appellant's counsel that the case be postponed till the March term following, and this agreement was endorsed on the transcript. The appellee moved to dismiss the appeal. The appellant contended that this agreement was a consent to the irregularity mentioned and a waiver of any right to move for a dismissal of the appeal on account of it. The Court held otherwise, and the appeal was dismissed.

The appellant's counsel urges with much earnestness the difficulties attending the bringing up the appeal in this case on account of the voluminous record offered in evidence, and a printed volume, and that the delay grew out of the desire to save costs, and inconvenience to the Court by dispensing with the copying of the same, and the time consumed before the written consent of the appellee's counsel to the arrangement could be obtained. This cannot justify the filing of the record beyond the delays and extensions prescribed therefor. There was a special remedy provided by law for cases of appeals attended with such difficulties, of which the appellant twice or thrice availed himself, and could have done so again by the proper application.

Art. 883 C. P. provides :

"If the appellant has not filed in the Supreme Court on the day appointed by the inferior judge the record from the court below, and was prevented from doing so by any event not under his control, he may apply to the Court * * * * * * and may demand a further time to bring it up, which may be granted by the Court, if the event causing the delays be proved to its satisfaction."

We are referred to the cases of Veech vs. Grayson, 1 N. S. 133, and Massey vs. Helme, 15 An. 692, as authority for maintaining the appeal and opposed to its dismissal.

In the first case cited, after the return day had passed, there was a written acceptance of the petition of appeal and of citation which the Court construed into a consent to the filing of the transcript after the return day and a waiver of such irregularity. We have shown that the agreement in the present case was made *before* the return day, though the written evidence of it was supplied *after* its expiration.

In the other case (15 An. 692) the Court stated that the appellant was not in fault for the delay, for what reasons it does not fully appear, and a further delay was allowed for bringing up the transcript, though no application was made therefor till after the return day. We infer this, though it does not distinctly appear from the body of the decision. If such was the ruling, it was in plain and direct conflict with the provisions of the law, and we do not regard it as authority.

The motion to dismiss must prevail.

The appeal is, therefore, dismissed at the appellants' cost.