## No. 10,829.

43 509
48 1015

### THE STATE OF LOUISIANA VS. ALCÉE JOLIVETTE.

The Supreme Court can exercise no jurisdiction over a criminal cause, when the transcript has been filed long after the return day, at a place at which the appeal was not made returnable, in the absence of any just cause shown authorizing the delay and irregularity. Appellant must stand the consequences of his laches.

APPEAL from the Twentieth District Court for the Parish of St. Martin. *Mouton, J.*

---

*Walter H. Rogers*, Attorney General, for the State, Appellee.

---

*Louis J. Voorhies* and *Dan W. Voorhies* for Defendant and Appellant.

The opinion of the court was delivered by

BERMUDEZ, C. J.   The defendant was indicted for burglary and larceny, and on a conviction was sentenced to hard labor for one year.

On the 29th of September, 1890, he was allowed an appeal "*returnable according to law.*"

The Supreme Court held sessions in Shreveport in October following.   The transcript of appeal was not filed at all at Shreveport, but was filed on March 21, 1891, more than three months after, at New Orleans, where it does not belong.

Under the law the appeal was returnable at Shreveport, where the transcript should have been seasonably filed.

There is nothing to prove that any showing was made to the Supreme Court, while sitting at Shreveport, to justify the non-filing of the transcript there, to obtain an extension of time, or to change the place of return, either there, or at New Orleans in November following.   Neither does the record show any reason why it was not filed in New Orleans at the opening of the term, if there existed good reasons for not having filed it at Shreveport.   V. Act No. 30 of 1876, Section 4, p. 56; Act No. 69 of 1884, p. 92; 35 An. 392; 37 An. 709; 38 An. 33, 464; Pratt vs. Holmes, *ante*, p. —.

If this court ever was, it has ceased to be, seized with jurisdiction over the cause, and can not pass upon the questions presented.   It will dispose of it *proprio motu*.

. It is therefore ordered that the case be stricken from the docket of this court.