(57 South. 523.)

No. 19,214.

STATE v. HOLT.

(Jan. 29, 1912.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 1106*)—APPEAL—ABAN-
DONMENT—FAILURE TO FILE TRANSCRIPT.

When an appellant fails to file the tran-
script on the return day, it is an abandonment
of the appeal, which will be dismissed by this
court ex proprio motu. The ageement of coun-
sel that the appellee will not move to dismiss
the appeal on the ground that appellant failed
to file the transcript on the return day will
not affect the right or duty of this court to
dismiss the appeal ex proprio motu.

[Ed. Note.—For other cases, see Criminal
Law, Cent. Dig. §§ 2890–2892; Dec. Dig. §
1106.*]

Appeal from Sixth Judicial District Court,
Parish of Ouachita; J. O. Madison, Judge.

Charley Holt was charged with a simple
assault. From a decree sustaining a plea
of autre fois convict and discharging the
accused, the State appeals. Dismissed.

Walter Guion, Atty. Gen., and Fred M.
Odom, Dist. Atty. (G. A. Gondran, of coun-
sel), for the State. Clarke & Sholars, for ap-
pellee.

BREAUX, C. J. The state of Louisiana
appeals from a decree of the judge of the
district court sustaining defendant's plea of
autre fois convict, and discharging the ac-
cused. Defendant is a woman, although
her name is Charley Holt.

As relates to her plea, it appears that she
was charged in the city court with a simple
assault in violation of a state law. The state
was not represented in the city court by the
district attorney either in having the charge
of simple assault preferred or in the prose-
cution of the case.

Subsequent to the trial and conviction of
the defendant in the city court of simple as-
sault, the district attorney filed an informa-
tion against defendant charging her with
having committed the crime of assault with
intent to commit murder.

The defendant through counsel filed the
plea of autre fois convict, which was sus-
tained by the district court. She was fined
by the city court, and has paid the fine.

One of the points for decision presented in
the motion to dismiss the appeal is that the
15 days provided by law to file the appeal
in the Supreme Court was not allowed in
that the order of appeal made the appeal
returnable in 10 days; that the minimum de-
lay for such an appeal is 15 days, a require-
ment that the district court failed to ob-
serve.

As to the order of appeal, it is not strict-
ly speaking in legal form, for after mention-
ing that the judgment discharging the de-
fendant was read and signed, it is stated
that an appeal was granted to this court,
returnable on the thirtieth instant; said
appeal being made returnable according to
law.

We are of opinion that the appeal should
be dismissed, but not on the ground urged
for dismissing the appeal. There are sev-
eral irregularities. There was an indict-
ment found by the grand jury and presented
to the district court. There was a motion
made to quash this indictment, and it does
not appear that the motion was overruled.
None the less, thereafter a bill of informa-
tion was filed. As no objection was urged
on that ground, it is of no moment and
will be passed without further comment, ex-
cept that in the agreed facts reference is
made only to the indictment, and not to the
bill of information. That is, facts were
agreed to upon which defendant's points of
law were to be considered and decided un-
der the indictment against her, and nothing
is said in the agreed statement about the
information.

Be that as it may, there is further irregularity, an order of appeal to which we have before referred to in stating the case, but it does not appear that it was applied for by the state. It is a lost order in the record, for which, on the face of the record, no one seems to be responsible.

The district court in granting an order of appeal always grants it on the motion of the party applying for the appeal, or his attorney.

But the last error is not only an irregularity. It is a fatal illegality. The judge of the district court granted an extension of time within which to file the appeal in the district court. Such extension under the law is granted by this court, and not by the court of first instance.

The return day had long since elapsed when the record was filed here. The counsel for defendant only bound himself not to take an exception "to the failure to lodge the transcript in the appellate court." He waived nothing. He only promised not to file an exception; but, as no exception is necessary in order to dismiss the appeal on the ground stated, it will be dismissed.

An appeal was dismissed ex proprio motu on the ground stated in Pierce v. Cushing, 33 La. Ann. 401, affirmed in Holz v. Fishel, 40 La. Ann. 298, 3 South. 888, and reaffirmed in Succession of Llula, 42 La. Ann. 475, 7 South. 585.

Failure to file the transcript is an abandonment. State v. Clark, 49 La. Ann. 780, 22 South. 257; Building Association v. Church, 49 La. Ann. 880, 21 South. 517; Digest, p. 45, No. 16b.

An accused cannot be heard to plead guilty in this court, nor can he waive illegalities that may be serious.

As to the plea of autre fois convict, it will not be passed upon for it is not necessary.

The appeal is dismissed.