(78 South. 121)

No. 22940.

STATE v. VAUGHN.

(Feb. 25, 1918.)

*(Syllabus by the Court.)*

CRIMINAL LAW ☞1106(3)—APPEAL—ABANDONMENT.

An appellant will be considered to have abandoned his appeal when the transcript has not been filed on or before the return day, or within the delay allowed after the return day, except where an extension of time has been asked for and has been granted.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Sam Vaughn was convicted of manslaughter, and thereafter the district attorney, discovering that accused had not been arraigned, obtained an order setting aside the judgment of conviction, and on a retrial defendant's plea of former jeopardy was sustained, and he was discharged, and the State appeals. Appeal dismissed.

A. V. Coco, Atty. Gen., and Tobin R. Hodge, Dist. Atty., of Rayville (Vernon A. Coco, of New Orleans, of counsel), for the State. Ellis & Ellis, of Amite City, for appellee.

SOMMERVILLE, J. The order granting the appeal to the state in this case made it returnable to this court on December 29, 1917. The transcript was not filed until January 7, 1918, more than three days after the return day. No extension of time was asked for or granted, and no showing was made why the transcript was not filed at the proper time. It was filed too late. The appeal will be considered to have been abandoned, and the court, of its own motion, will dismiss it. State v. Jolivette, 43 La. Ann. 509, 9 South. 121; Marr's Criminal Jurisprudence, p. 893; State v. Holt, 129 La. 1077, 57 South. 523.

Appeal dismissed.