CARTER, Judge.
This is an appeal from a trial court judgment on a rule to show cause why plaintiff should not conclude a worker’s compensation compromise settlement.
Plaintiff Rita Harris, while employed by Western Electric Co., Inc., sustained serious injury to her back on November 20, 1980. The employee slipped and fell on a cleaning substance which had allegedly been left on the floor of her employer’s restroom due to the negligence of an employee of Southern Janitorial Services, Inc.
Western Electric paid medical and compensation benefits to the employee. On July 23, 1981, the employee filed a tort action against Southern Janitorial Services, Inc. and General Accident Group, its insurer. Western Electric then intervened seeking reimbursement by preference of all worker's compensation and medical benefits paid.
The ease was set for trial by jury on October 19, 1982. Prior to the conclusion of the trial, the parties advised the district court that the matter had been settled; however, no settlement agreement pursu *557 ant to LSA-C.C. art. 3071 was recited to the court.
On November 2, 1982, Rita Harris, her attorney, and counsel for Western Electric presented to the court a verified petition for a worker’s compensation compromise settlement. The petition recited that Western Electric had paid $31,458.91 in medical and compensation benefits on behalf of Rita Harris as a result of the accident and that Harris would accept the $200,000.00 from Southern Janitorial Services, less the amount expended by Western Electric. Western Electric agreed that it would allow Harris to accept this amount in full settlement of her entire compensation claim against Western Electric, including any claim for future compensation benefits. The trial judge, however, rejected this proposed settlement. On the same date, counsel for Harris and Western Electric executed a letter agreeing upon receipt of the $200,000.00 tort settlement check, the sum of $31,458.91, which amount represented “the total of workmen’s compensation and medicals paid to Rita Harris from the date of her accident on November 20, 1980 until Monday, November 1, 1982,” would be forwarded to counsel for Western Electric.[1] On joint motion, a judgment of dismissal of the main demand and all incidental demands was rendered on December 1, 1982.
On December 30, 1982, intervenor filed a rule to show cause why Rita Harris should not enter into a worker’s compensation compromise settlement. Following a hearing on the rule, the trial judge rendered judgment on March 30, 1983, in favor of intervenor and against the employee for $29,993.80, the total amount of medical and compensation benefits paid by Western Electric to Harris as of October 19, 1982, plus interest from December 1, 1982.
From this judgment, plaintiffs appeal, assigning the following errors:
(1) The trial court had no jurisdiction to hear the rule on reimbursement of worker’s compensation benefits because the suit had already been dismissed; and,
(2) The trial court erred in granting the intervening employer a preference for reimbursement in a compromise settlement between an employee and third-party tortfeasor.
ASSIGNMENT OF ERROR NO. 1
Appellant contends that the trial court was without jurisdiction to hear the rule to show cause filed by intervenor. Appellant reasons that because a joint motion for dismissal of the main demand and all incidental demands was made and signed by all parties and because the trial judge dismissed the suit with prejudice, the trial court was without jurisdiction to hear the subsequent rule. Appellant concludes that, as a result, the judgment on the rule should be set aside as improvidently granted.[2]
LSA-C.C.P. art. 1 defines jurisdiction as “the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled.” Jurisdiction is the power and authority of a court, either over the subject matter of a particular action or over the person of a particular defendant. Sims v. Sims, 388 So.2d 428 (La.App. 2nd Cir.1980), writ denied 394 So.2d 612 (La.1980). *558 A thorough review of the record convinces us that the trial court had jurisdiction over the subject matter and of the parties in the rule to show cause.
Although the trial court clearly had jurisdiction to hear the rule, appellant’s objection is to the manner in which the intervenor sought to enforce the alleged worker’s compensation compromise settlement. LSA-C.C.P. art. 2592 prescribes the matters which may be disposed of by the use of summary proceedings.[3] Generally, an employer’s claims for reimbursement of medical and compensation benefits paid on behalf of his employee and for a credit for future compensation is an ordinary proceeding. LSA-C.C.P. arts. 851, 2591 and 2592. However, under LSA-C.C.P. arts. 926, 928 and 2593, the objection to the unauthorized use of summary proceeding is a dilatory exception, which must be pleaded prior to answer or judgment by default, and such an exception to a rule must be filed prior to the time assigned for trial of the rule. In re Lomm, 195 So.2d 416 (La.App. 4th Cir.1967), writ refused, 250 La. 541, 197 So.2d 81 (La.1967).
Appellant did not file an exception of unauthorized use of summary proceeding. At the hearing on the rule, appellant argued that intervenor should be required to file a suit concerning the alleged compensation settlement and that intervenor should not be allowed to continue the proceeding because the original proceedings had been dismissed. Appellant’s verbal objection at the rule hearing is not a valid objection to the use of summary proceeding because LSA-C.C.P. art. 924 provides that an exception that would be appropriate in the case sub judice must comply with certain form requirements.[4] The record is devoid of any written exception to the alleged unauthorized use of summary proceeding. Therefore, appellant has waived any objection he may have had to the summary manner in which defendant's claim for reimbursement was presented to the trial court.
Assignment of Error No. 1 is without merit.
ASSIGNMENT OF ERROR NO. 2
In this assignment of error, appellant contends that the trial court erred in granting the intervening employer a preference for reimbursement in a compromise settlement between an employee and a third-party tortfeasor. Appellant reasons that because an employer cannot receive credit against his compensation liability for sums received by an employee through compromise of a tort claim against a third person, the judgment of the trial court ordering plaintiff to pay her employer $29,993.80 should be set aside.
*559 Under LSA-R.S. 23:1101-23:1103,[5] the employer who intervenes in an employee’s tort action pending against a third party has a preference in any judgment for reimbursement of compensation benefits paid. However, a compromise is not a judgment. In a compromise, claimant accepts less than full damages suffered. Verbois v. Howard, 322 So.2d 110 (La.1975); Crabtree v. Bethlehem Steel Corporation, 284 So.2d 545 (La.1973); LaLande v. Index Geophysical Survey Corp., 336 So.2d 1054 (La.App. 3rd Cir.1976).
In Roberson v. Fontenot Petroleum Co., Inc., 322 So.2d 287, 290 (La.App. 1st Cir. 1975), writ denied, 325 So.2d 277 (La.1976), the court explained:
The reasoning' behind LSA-R.S. 23:1103 that relieves the employer and its insurer from liability when the employee recovers judgment against the third person for more than the total amount of the workmen’s compensation is not that the employer has lost something by the judgment, but rather that the employee should not have a double recovery for his injuries. However, it is pointed out by Crabtree v. Bethlehem Steel Corporation, supra, that when the employee compromises his claim, he is, by the very nature of the compromise, receiving less than the judgment value of his claim. As Justice Tate, in the majority opinion on rehearing, states:
“In a tort suit, a judgment in favor of the plaintiff awards the full damages to which he is entitled. Ordinarily, by a compromise of a tort claim a plaintiff accepts less than the full damages suffered, and a defendant pays a sum not representing the full damages, each balancing the danger of losing against the hope of gaining all.”
*560 Thus, the employee is not getting a double recovery when he compromises his tort claim and continues to receive compensation benefits, because the compensation benefits merely augment the money obtained in the compromise to more fully give a full recovery to the employee.
In the instant case, plaintiff comprised her tort claim with the third-party tort-feasor for $200,000.00. Therefore, the intervening employer is not entitled to a credit for the compensation and medical benefits paid. However, on the same day the intervening employer and the employee petitioned the court to compromise the worker’s compensation claim, which the trial judge refused to sign, the employee and the employer executed a letter with plaintiff agreeing to reimburse intervenor for $31,458.91, which represented the total compensation and medical benefits already paid to plaintiff. On the rule to show cause, the trial judge approved the agreement insofar as it pertained to past compensation and medical benefits paid by the employer.
Under LSA-R.S. 23:1271 et seq.[6], judicial approval is required for a worker’s compensation compromise settlement to be valid and enforceable. Although the trial judge refused to sign the petition for compromise settlement submitted by both the employee and the employer on November 2, 1982, we conclude that the joint agreement perfected by letter on the same date and approved by the court on the rule to show cause constituted a valid and enforceable partial worker’s compensation compromise settlement. Therefore, the employer is entitled to receive $29,993.80[7] from the employee pursuant to the compromise settlement of past compensation and medical benefits paid to the employee.
In brief, appellee argues that the petition for worker’s compensation compromise settlement is an enforceable agreement and that the employer is entitled to a credit for all future compensation. However, appel-lee did not appeal the judgment of the trial court or answer plaintiffs appeal. Therefore, the issue of future compensation is not properly before this court.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal to be assessed against appellant.
AFFIRMED.

. Apparently, the amount agreed upon was $200,000.00, less $31,458.91 which was to be received by Rita Harris and paid over to Western Electric.

. In support of her position that the trial court was without jurisdiction to hear the rule filed subsequent to a judgment of dismissal, appellant relies on Gilbert et al. v. Nephler & Boyle 15 La. 59, Gilbert et al. v. Meriam, 2 La.Ann. 160 and American Gen. Inv. Corp. v. St. Elmo Lands, 391 So.2d 570 (La.App. 4th Cir.1980), writ denied, 395 So.2d 682 (La.1981). We note, however, that both Gilbert v. Nephler & Boyle, supra, and Gilbert v. Meriam, supra, were decided under the Code of Practice. Additionally, a careful examination of American Gen. Inv. Corp. v. St. Elmo Lands, supra, reveals that appellant's reliance upon this case is misplaced. Although our brethren of the Fourth Circuit Court of Appeal discussed the St. Elmo Lands case in terms of jurisdiction, the court held that the law firm had no right of action to join as a party plaintiff in its client’s action. Clearly, this case is inapplicable to the case at bar.

. LSA-C.C.P. article 2592 provides:
Summary proceedings may be used for trial or disposition of the following matters only:
(1) An incidental question arising in the course of litigation.
(2) An application for new trial.
(3) An issue which may be raised properly by an exception, contradictory motion, or rule to show cause.
(4) An action against the surety on a judicial bond after judgment has been obtained against the principal, or against both principal and surety when a summary proceeding against the principal is permitted.
(5) The homologation of a judicial partition, of a tableau of distribution or account filed by a legal representative, or of a report submitted by an auditor, accountant, or other expert appointed by the court; and an opposition to any of the foregoing, to the appointment of a legal representative, or to a petition for authority filed by a legal representative.
(6) A habeas corpus, mandamus, or quo warranto proceeding.
(7) The determination of the rank of mortgages, liens and privileges on property sold judicially, and of the order of distribution of the proceeds thereof.
(8) The original granting of, subsequent change in, or termination of, child custody, alimony, child support in behalf of minor children, and support between ascendants and descendants; and
(9) All other matters in which the law permits summary proceedings to be used.

. LSA-C.C.P. article 924 provides that:
All exceptions shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. They shall set forth the name and surname of the exceptor, shall state with particularity the objections urged and the grounds thereof, and shall contain a prayer for the relief sought.

. LSA-R.S. 23:1102 was amended by Acts 1983, Act No. 1 § 1, effective July 1, 1983, to add subsection B & C. The new law, although not applicable to the instant case, solves future cases of this nature by providing:
A. If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
B. If compromise with such third person is made by the employee or his dependent, the employer or insurer shall be liable for compensation in excess of the amount recovered against such third person only if written approval of such compromise is obtained from the employer or insurer by the employee or his dependent, at the time of or prior to such compromise. If the employee or his dependent fails to notify the employer or insurer of the suit against the third person or fails to obtain written approval of the compromise from the employer and insurer at the time of or prior to such compromise, the employee or his dependent shall forfeit the right to future compensation, including medical expenses. Notwithstanding the failure of the employer to approve such compromise, the employee’s or dependent’s right to future compensation in excess of the amount recovered from the compromise shall be reserved upon payment to the employer or insurer of the total amount of compensation benefits, medical benefits, attorney’s fees, and penalties, previously paid to or on behalf of the employee, exclusive of attorney’s fees arising out of the compromise; except in no event shall the amount paid to the employer or insurer exceed fifty percent of the total amount recovered from the compromise.
C.If the third party defendant or his insurer fails to obtain written approval of the compromise from the employer or his insurer at the time of or prior to such compromise, and the employee fails to pay to the employer the total amount of compensation benefits, medical benefits, attorney’s fees, and penalties out of the funds received as a result of the compromise, the third party defendant or his insurer shall be required to reimburse the employer or his insurer to the extent of the total amount of compensation benefits, medical benefits, attorney’s fees, or penalties previously paid to or on behalf of the employee to the extent said amounts have not been previously paid to the employer by the employee pursuant to the provisions of Subsection B of this Section. Notwithstanding said reimbursement, all rights of the employer or his insurer to assert the defense provided for herein against claims for future compensation by the employee or his defendant shall be reserved. Nothing herein shall be interpreted to affect the rights of the employer or his insurer to otherwise seek reimbursement for compensation benefits, medical benefits, attorney’s fees, or penalties against a third party defendant or his insurer without regard to the actions of the employee on whose behalf said compensation and medical benefits were paid.

. These articles were rewritten in Acts 1983, No. 1 § 1, effective July 1, 1983, to provide for commission administration of worker’s compensation instead of the previous court adminis; tered system.

. If the appellee had taken an appeal or answered plaintiff’s appeal, we would have also considered increasing this amount to $31,458.91 as set forth in the agreement. However, since appellee did neither, we cannot increase the ' amount of appellee’s judgment.