No. 3110.—D. REDMOND *v.* B. L. MANN and Mrs. L. L. MANN.

An application to tho Supreme Court to extend the time fixed in the order of appeal by tho lower court is without effect if not made within three judicial days after such return day. After tho right of appeal has lapsed through tho fault or negligence of tho appellant, tho Supreme Court can not legally take cognizance of the appeal.

APPEAL from the Sixth Judicial District Court, parish of Tangi-pahoa. *Ellis, J. John W. Addison,* for plaintiff and appellee. *T. & J. Ellis,* for defendants and appellants.

HOWELL, J. A motion is made to dismiss, on the ground that the appeal was not brought up within the legal delay, and an extension of time was not applied for until six judicial days after the return day.

The order of appeal was granted on the twenty-fifth November, 1870, and it merely made the appeal "returnable according to law," not naming the return day. No objection is raised on this ground, but the order is treated by the appellee as sufficient. The objection is, and it

appears to us to be a good one, that the appellants have not complied with it, because by section one of act No. 45 of 1870 (page 99), appeals from the parish of Tangipahoa are returnable on the first and third Mondays of each month of the session, and by section four of said act the return day, according to the order in this case, was the first Monday of December, and if there was not sufficient time to give the motion required by law and prepare the record by the said first Monday, then the third Monday (nineteenth) of December, at farthest, might be deemed the return day, and it was the duty of the appellants to apply to the Supreme Court (which was in session on that day) within three judicial days thereafter for an extension of time, or it was their duty to make their said application within three judicial days after the first Monday (fifth) of December, 1870, the legal return day under the order of the court, whereas it was not made until the twelfth of January, 1871, at least five or six judicial days after the third Monday of December, and at which time the appeal had lapsed, and consequently the order of extension was ineffectual, not being competent to revive the right of appeal lost by mere delay. The rule that when an act is to be done within a given time it may be done afterwards, if nothing occur to prevent it, does not apply to such a case. 8 L. 206; 6 R. 79; 9 An. 21.

We are constrained to hold that the appellants have been guilty of laches in not bringing up their appeal within the legal delay, and the appeal must be dismissed, not because of any defect in the order of appeal, but because, taking said order to be regular, and not in violation of the law, the appellants have not obeyed it, and have not taken the steps necessary under the law to bring up the appeal within the delay fixed by the order of appeal.

It is therefore ordered that the appeal herein be dismissed, with costs.