No. 11,324.

W. R. ARCHER ET ALS. VS. ADRIEN GONSOULIN.

In this case, whether the appeal be considered as returnable in Opelousas at the term held in July, 1893, or in New Orleans at the term beginning in November, 1892, the appeal should be dismissed.

APPEAL from the Nineteenth District Court, Parish of Iberia. *Mouton, J.*

*Foster & Broussard* for Defendant and Appellee.

---

*Philip H. Mentz* and *G. L. Hall* for Plaintiffs and Appellants.

---

ON MOTION TO DISMISS.

The opinion of the court was delivered by

PARLANGE, J.   The judgment appealed from was rendered in May, 1892.   The appeal was returnable to this court at its session held in Opelousas, and beginning on July 5, 1892.   The appellants moved for an extension of time to file the transcript until the next session of this court at Opelousas in July, 1893.   This motion was granted, although it was vigorously resisted by the appellee.   After the extension had been granted, counsel for all the parties, averring that it was important to all the parties that the suit be finally determined as early as possible, joined in an application to this court, praying that the cause be made returnable at the next term of this court at New Orleans, which application was granted on July 8, 1892, and the order granting the same was duly entered on the minutes.

The transcript was not filed at the term beginning in November, 1892.

This court convened again at Opelousas on July 3, 1893.   The transcript was filed at Opelousas on July 5, 1893.   Thereafter the transcript was filed in New Orleans on August 11, 1893.   The appellee has moved to dismiss the appeal.

Appellants' counsel states in an affidavit that in October, 1892, he wrote to the clerk of this court at Opelousas in regard to this case, and that the clerk in his reply stated that there was no order granted by this court transferring this case to New Orleans.   In his letter to the clerk, appellants' counsel wrote that he was quite sure that there was such an order; that it was applied for by counsel for both sides jointly; that he knew that he and the opposite counsel signed the motion and read it in open court, and that the court granted the same, but that he did not know whether the clerk had taken it down.   The clerk states in an affidavit that as appellants' counsel wrote that he knew that the motion was read in open court and that the same was granted, he understood that the inquiry of appellants' counsel was whether a written order had been endorsed by the court on the paper containing the motion for the transfer.

One of appellee's counsel has filed an affidavit in which, among other things, he states that he knew that the transcript was ready before the convening of this court in November, 1892; that after this court had been in session for a few weeks during its term beginning in November, 1892, he met appellants' counsel and reminded him of the transfer of the cause to New Orleans; that appellants' counsel said that he had been informed that there was no order to transfer; that affiant then said that if the order had not been taken down at Opelousas he was willing to take an affidavit conjointly with appellants' counsel, setting out that an order transferring this cause to New Orleans had been granted, the affidavit to be in place of the order said not to have been carried on the minutes, and that it was then agreed between the affiant and appellants' counsel to take up the case at once in New Orleans; that subsequently the affiant ascertained from the clerk of the lower court that the appellant had not taken out the transcript or paid for it; that the affiant then wrote two or more letters to appellants' counsel asking him to take up his transcript.

From an affidavit of the deputy clerk of the lower court and from correspondence filed, it would seem that there was some delay in paying for the cost of the transcript, which was not settled until April, 1893.

In his affidavit already mentioned, appellants' counsel avers that until the clerk of this court at Opelousas wrote him that there was no order for the transfer, he intended *bona fide* and was preparing to file the transcript in New Orleans at the term beginning in November, 1892, but that after receiving the clerk's letter he believed that the order of transfer had not been rendered and that he did not discover the truth until July 3, 1893. That in December, 1892, believing that the order had not been rendered, he so informed appellee's counsel, and that they agreed to dispense with the order and to take up the case in New Orleans, but that appellants' counsel required a certain sum of money for briefs, etc., which he requested by letter of his client, from whom he received no reply.

In point of fact, this court, as already stated, granted on July 8, 1892, the joint application of the parties for the transfer of the cause to New Orleans, and the order was then duly entered on the minutes. No one denies that the order was made. It is evident that the court must be guided by its minutes. However regrettable may be the

misunderstanding between appellants' counsel and the clerk, it is perfectly clear that it can not have the effect of annulling an order rendered in open court, at the request of counsel for both parties and in their presence.   Besides, appellants' counsel being erroneously informed prior to the convening of this court in November, 1892, that the order had not been entered, made no attempt in this court to have the supposed omission supplied.   Again, appellee's counsel having offered to waive the order supposed not to have been entered and to try the cause at the term beginning in November, 1892, and appellants' counsel having agreed thereto, the agreement was not carried out by appellants' counsel, presumably because of appellants' neglect to supply the means necessary for briefs and other incidentals of the hearing.

But even if any law had been cited to us, or if any had been discovered by us, which would authorize us to declare our order of July 8, 1892, null and of no effect, would appellants be benefited?

The claim of appellants' counsel is that having been misled into believing that the order had not been entered, he considered that the failure to enter the same revived the order previously rendered extending the time for the filing of the transcript to July, 1893, at Opelousas.

The authorities are numerous that when an extension of time has been granted, the appellant is not entitled to three days of grace to file his transcript.   Cane vs. Caldwell & Kahn, 28 An. 790; Bienvenu vs. Insurance Co., 28 An. 901;  Von Hoven vs. Von Hoven, 43 An. 1170;  and other cases.

This court convened in Opelousas on July 3, 1893, and the transcript was filed on July 5, 1893.

It is therefore clear that whether the appeal be considered as returnable in New Orleans at the term beginning in November, 1892, or in Opelousas at the term beginning in July, 1893, the appeal must be dismissed.

It is therefore ordered that the appeal be dismissed at appellants' costs.

Breaux, J., recuses himself, having been of counsel.