*1459 The opinion of the court was delivered by
Miller, J.
This appeal was returnable on the 4th of May, 1896. On the 5th, before the expiration of the three days’ grace allowed by law, an extension of thirty days was allowed to file the record in this court. That delay, by the terms of the order granting it, begun from the date of the order, not from the 7th, the end of the grace period, as contended for by the appellant. There was another extension of sixty days granted on the 4th of June. The record was not filed within that delay, and on the 4th of August, one full day over the sixty days, another extension was granted, and still another afterward, within which, on the’ 10th of August, the record was filed.
The ground to dismiss is, that the appeal was lost by the failure to file the record within the sixty days from June 4. This seems to be fatal to the appeal. Sixty clear days had elapsed from the date of the June extension. It is settled that no days of grace are allowed on extensions of the return day. The subsequent extensions on the applications of the appellant could not revive the appeal. Hudson et al. vs. Sheriff et al., 47 An. 1534; Succession of Gast, 42 An. 91; Succession of Quin, 37 An. 391; Chretien vs. Poincy, 33 An. 131; Centennial Exposition vs. Railroad Company, 38 An. 905; Holz vs. Fishel, 40 An. 294.
Nor is the appellant prejudiced by the fact that his motion to dismiss was not made until the 10th of November. When the period for filing the record goes by, the appellee is not required to notice the date of the subsequent filing and move to dismiss within three days. The rule that motions to dismiss must be made in three days has no application to motions of this class. Dwight vs. McMillen, 4 An. 350; McDonogh vs. DeGruys, 10 An. 76; Hudson et al. vs. Sheriff et al., 47 An. 1534.
We are reluctant to dismiss appeals, when, as in this case, there appears to be an earnest controversy, but in the circumstances we have no alternative.
The motion of appellees is maintained, and the appeal in this case is dismissed at appellant’s costs.