'(95 South. 391)

No. 25374.

## LANDRY v. T. LE BOEUF & SONS et al.

(Dec. 29, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error &#8658;624—Days of grace not allowed in filing transcript when time once extended or postponed.**

The three days of grace allowed for the filing of a transcript of appeal or for obtaining an extension or postponement of the return day do not again apply when the return day has once been extended or postponed.

**2. Appeal and error &#8658;628(1)—That transcript delivered to express company before return day as extended does not prevent dismissal.**

Where the transcript was not filed until after the day to which the return day had been extended by order of the court, the fact that it was delivered to the express company's agent before the return day as extended does not prevent dismissal of the appeal.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Thos. F. Porter, Jr., Judge.

Action by W. D. Landry against T. Le Boeuf & Sons and others. From a judgment for plaintiff, certain defendants appeal. On motion to dismiss appeal. Appeal dismissed.

W. C. Braden, of Lake Charles, for appellants.

Cline & Plauche, of Lake Charles, for appellee.

O'NIELL, J. The appellee has moved to dismiss this appeal because the transcript was not filed until the return day had expired. The appeal was made returnable on or before the 30th of May, 1922. On the 31st of May, 1922, the appellants obtained an order from this court, extending the return day to the 15th of June, 1922. The transcript was filed on the 16th of June, 1922.

[1] It is well settled that the three days of grace allowed for the filing of a transcript of appeal, or for obtaining an extension or postponement of the return day, do not apply again when the return day has once been extended or postponed. Bienvenue v. Factors' & Traders' Insurance Co., 28 La. Ann. 901; Sun Mutual Insurance Co. v. Bynum, 32 La. Ann. 28; Wood & Roane v. Wood, 32 La. Ann. 804; Lacroix v. Bonin, 33 La. Ann. 119; Delaney v. A. Rochereau & Co., 34 La. Ann. 1126, 44 Am. Rep. 456; Von Hoven v. Von Hoven, 43 La. Ann. 1171, 10 South. 294; Archer v. Gonsoulin, 46 La. Ann. 141, 14 South. 49; Hudson v. Garrett, 47 La. Ann. 1535, 18 South. 510; Metropolitan Bank v. Aarons-Mendelsohn Co., 50 La. Ann. 1049, 24 South. 125; Succession of Theriot, 118 La. 648, 43 South. 265; J. S. Terry Construction Co. v. James K. Sutherlin Co., 145 La. 397, 82 South. 384.

[2] Appellants have filed in this court a certificate signed by the clerk of the district court showing that the transcript of appeal addressed to the clerk of this court was delivered to the railway express company's agent at Lake Charles, La., on the 14th of June, 1922; that is, on the day next preceding the last day on which the transcript might have been filed in time. The clerk's certificate cannot prevent a dismissal of the appeal. Appellants should have applied for another extension of time, if they could not have had the transcript here, before the expiration of the extension which had already been granted.

The appeal is dismissed.