OVERTON, J.
On October 2, 1923, judgment was rendered in this case against plaintiff, dismissing her demand. On the following day an appeal was granted her, returnable on November 19, 1923, to this court. Twenty-seven days later plaintiff filed her appeal bond. On November 16, 1923, plaintiff filed an application here, praying that the return day be extended, so as to make the appeal returnable on November 29, 1923, and on the same day the prayer of her application was granted. On December 3, 1923, which was the fourth day after the expiration of the return day, as extended, plaintiff filed the transcript of appeal in this court. Defendant then filed the present motion to dismiss the appeal on the ground that plaintiff had not filed the transcript on or before the return day, as extended.
Since the filing of the motion to dismiss, plaintiff has filed an affidavit in this court, showing that there was a delay in the preparation of the transcript, caused chiefly by the misplacing, by the trial judge, of the note of evidence and some of the documents belonging to the record; that, when it became apparent that the transcript could not be completed in time, application was made to this court for an extension of time within which to prepare and file it, which, as above stated, was granted, and the return day extended to November 29, 1923; that the transcript was completed on November 26, 1923; and that, on the morning of the following day, the clerk of the districi court, acting under instructions from counsel for plaintiff, delivered it to an express company for transmission to the clerk of this court, but for some reason, unknown, that company did not deliver it until December 3, 1923, upon which day it was filed here.
The law is clear that, if the transcript is not filed on or before the day fixed by the trial court, or within three days after that day, when no valid extension of time has been granted, the appeal will be dismissed on mo *286 tion of the appellee. Holz v. Fishel, 40 La. Ann. 295, 3 South. 888; Redmond v. Mann, 23 La. Ann. 373; Farmers’ & Manufacturers’ Association v. Strawbridge, 24 La. Ann. 126; Pierce v. Cushing, 33 La. Ann. 401; De Bouchel v. Her Husband, 34 La. Ann. 102. The law is equally clear that, when an extension of time has been applied for and granted, the transcript must be filed before the expiration of the return day, as extended, unless an additional extension should be seasonably applied for and granted; and that the filing will not be in time if done "within three days after the extended or re-extended return day, for, following such extensions, there are no days of grace "hs there are following the first return day. J. S. Terry Construction Co. v. James K. Sutherlin Co., 145 La. 397, 82 South., 384;. Mutual Loan & Building Association v. First African Baptist Church, 48 La. Ann. 1458, 21 South. 24; Hudson v. Garrett, 47 La. Ann. 1534, 18 South. 510. The law is equally clear that it is the duty of the appellant to file the transcript in this court. Code of Practice, arts. 883 and 884.
Since it is the duty of the appellant to file the transcript here, it follows that if he intrusts the transmission of it to another for filing, the one to whom it is intrusted becomes the agent of the appellant for the purpose of transmitting it, and if the agent selected is negligent in discharging the duty assumed, the negligence is imputable to the appellant. Thus, it has been held, where the clerk of the trial court promised to attend to the filing of the record in this court, that the clerk for that purpose became the agent of the appellant, and that the latter was chargeable with the fault of the clerk in failing seasonably to transmit the record for filing. Brother Syndic v. Bank of Louisiana, 10 La. Ann. 147; McDowell and Peck v. Read, 5 La. Ann. 42.
In the case at bar, the appellant through her counsel, selected an express company to deliver the transcript, and thereby made it her agent for that purpose. The company, as we have seen, failed to make delivery within the time expected. The appellant must stand the consequence of the failure of her agent to deliver the record seasonably. Especially is this so, where appellant, as is the case here, might have foreseen the possibility of delay in making delivery, and might have guarded against the result of such delay by making application to this court, before the expiration of the time for filing the transcript, for a further delay within which to file it, and, by making such application and obtaining another extension, could have placed herself in position to see that the transcript was filed before the passing of the re-extended return day. As it is, appellant has permitted the time for filing the appeal to lapse, without knowing whether or not the transcript had been filed. It was clearly her duty to have seen that it was filed before permitting the lapse to occur. She should have taken steps to prevent the return day from expiring, by applying, before it expired, for a second extension. In Holz v. Fishel, 40 La. Ann. 294, 3 South. 888, it is said: “Nothing but an extension, of time can be substituted for the transcript.” The rule quoted may possibly admit of an exception, but, if so, the present ease is not sufficiently strong to constitute one.
For the reasons assigned, the appeal herein is dismissed at appellant’s costs.