OVERTON, J.
 

 An appeal was taken in this cause from a judgment rendered by division A of the civil district court for the parish of Orleans, returnable to this court on
 
 *19
 
 October 9, 1925. On the day named, the appellants applied to us for an order extending the return day to December 9, 1925. The order was granted. On December 9, 1925, the transcript of appeal was not filed, and no application was made on that day, or at any time before, for a further extension. However, on the day following, to wit, on December 10, 1925, appellants made application to this court for a second extension of the time within which to file the transcript. Acting on this application, an oiilor was granted on the day on which the application, was made, extending the return day to February 9, 1926, but without prejudice to the appellee’s right to move to dismiss the appeal. On February 8, 1926, a third application was made to extend the return day, this time to March 9, 1926. This application was granted, but subject to a similar provision, as to the rights of the appellee, as that contained in the previous order. On March 1, 1926, the transcript of appeal had not been filed in this court, and, as the transcript had not been filed here, the appellee, on. that day, instead of moving to rescind the last two orders of extension granted, and to dismiss the appeal, moved for a rule ordering appellants to show cause why the orders of December 10, 1925, and February 8, 1926, should not be rescinded, and why a certificate should not issue and be delivered to him, as provided by article 589 of the Code of Practice, showing that appellants had abandoned the appeal by not filing the transcript in this court before the expiration of any valid return day, and, in fact, by not filing the transcript here at any time. The ground alleged in the application for the rule for the amendment of the two last orders of extension granted is that the application for an extension, made on December 10, 1926, was made after the return day, as extended by the prior order, had expired, and hence, was made too late, and, having been made •too late, the order granted thereon is null, as is also the succeeding order, which it is contended is dependent for its validity upon the prior one.
 

 In Cann v. Ruston State Bank, 99 So. 221, 155 La. 283, it was said:
 

 “The law is clear that, if the transcript is not filed on or before the day .fixed by the trial court, or within three days after that day, when no valid extension of time has been granted, the appeal will be dismissed on motion of the appellee. Holz v. Fishel, 3 So. 888, 40 La. Ann. 295; Redmond v. Mann, 23 La. Ann. 373; Farmers’ & Manufacturers’ Association v. Strawbridge, 24 La. Ann. 126; Pierce v. Cushing, 33 La. Ann. 401; De Bouchel v. Her Husband, 34 La. Ann. 102. The law is equally clear that, when an extension of time has been applied for and granted, the transcript must be filed before the expiration of the return day, as extended, unless an additional extension should be seasonably applied for and granted; and that the filing will not be in time if done within three days after the extended or re-extended return day, for, following such extensions, there are no days of grace as there are following the first return day. J. S. Terry Construction Co. v. James
 
 K.
 
 Sutherlin Co., 82 So. 384, 145 La. 397; Mutual Loan & Building Association v. First African Baptist Church, 21 So. 24, 48 La. Ann. 1458; Hudson v. Garrett, 18 So. 510, 47 La. Ann. 1534. The law is equally clear that it is the duty of the appellant to file the transcript in this court. Code of Practice, arts. 883 and 884.”
 

 In the case at bar, there is no question as to the validity of the first order of extension. The application for it was filed on October 9, 1925, before the expiration of the return day, That order, as we have seen, extended the return day to December 9, 1925, and, as we have also seen, application for the second extension was not filed until December 19, 1925, or one day after the day fixed by the first order of extension for the filing of the appeal in this court. The question, therefore, is whether, when the court extends the return day to a day stated, as, for instance, to the 9th of a month named, an application for a second extension is timely made, if made on the day following the day named.
 

 In discussing this question, counsel for appellants concede that an appellant is entitled to three days’ grace within which to file
 
 *21
 
 the transcript in this court following the day fixed for the return of the appeal, only when no extension of the return day has been granted, or in other words, they concede that, following the day fixed in the order of extension, where one has been granted, there are no days of grace for filing the transcript. However, counsel for appellants contend that, when the return day for an appeal is extended to, say, the 9th of the month, the appellant is entitled, not only to the 9th of the month within which to file the transcript in this court, but also to all of the day following, or the 10th of the month, within which to do so, and hence, that an application for an extension, in such instance, filed on the 10th of the month, is timely filed. Counsel for appellants cite in support of this contention article 318 of the Code of Practice. This article reads:
 

 “In the delay given to the defendant for answering, Sunday is included like other days; but in all cases where delay is given either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed, are included.
 

 “The exceptions to this rule are specially provided by law.”
 

 All that this article means is that, when a person is given a delay of so many days in which to do a certain tiling, he has all of the last one of those days in which to do it, and hence that day is not to be counted against him. See State ex rel. Duffel v. Marks, 30 La. Ann. 97; Catherwood v. Sheppard, 30 La. Ann. 667. The thing that was to be done in this instance was the filing of the transcript in this court. By the first order of extension, appellants were required to do this on or before the 9th of December. On the 9th they neither filed the transcript nor made application for a further extension. On that day — that is, on the 9th of December — the delay for doing either expired. Hence, when the application was made on the 10th of December for the second extension, it was made too late. The delay within which the extension could be applied for and granted had expired. Had the transcript been filed on that day it would have been filed too late. See Landry v. T. De Boeuf & Sons, 95 So. 391, 153 La. 31. In our view, appellee is entitled to the relief for which he prays. In fact, when the second and third orders of extension were granted, their validity was doubted, and hence, in granting them, the rights of appellee were expressly reserved.
 

 It may be said, before closing, that, after the rule herein had been filed and. submitted, appellants applied for another extension. This was refused. The transcript has never been filed in this court.
 

 For the reasons assigned, it is ordered, adjudged, and decreed that the orders extending and re-extending said return day, of date December 10, 1925, and February 8, 1926, be rescinded, and it is further ordered that the clerk of this court issue and deliver to appellee the certificate, as provided by article 589 of the Code of Practice, showing the failure to file the transcript of appeal herein, appellants to pay the costs.
 

 ST. PAUD, J„ concurs in the decree.