**GIBSON v. G. DOUNSON, Inc., et al.**

No. 14537.

Court of Appeal of Louisiana. Orleans.

April 10, 1933.

Daniel A. McGovern, Jr., of New Orleans, for appellant.

L. W. Cockfield, of New Orleans, for appellee G. Dounson, Inc.

Gill & Simon, of New Orleans, for appellee Mary Gibson.

JANVIER, Judge.

Appellee moves to dismiss this appeal because of the delay in filing the transcript. The return day fixed in the order of appeal was February 13, 1933. On that day appellant obtained from this court an order granting an extension until March 13, 1933. The transcript was not filed until March 14, 1933.

It is well settled that where there has been obtained an extension of time for the filing of a transcript, it must be filed either on or before the day fixed in the order granting the extension. The day after that fixed is too late. In Re Gem Company, 161 La. 18, 108 So. 110, 111, the Supreme Court said:

"By the first order of extension, appellants were required to do this [file the transcript] on or before the 9th of December. On the 9th they neither filed the transcript nor made application for a further extension. On that day—that is, on the 9th of December—the delay for doing either expired. Hence, when the application was made on the 10th of December for the second extension, it was made too late. The delay within which the extension could be applied for and granted had expired. Had the transcript been filed on that day it would have been filed too late. See Landry v. T. LeBoeuf & Sons, 95 So. 391, 153 La. 31."

Sec, also, Hudson et al. v. Garrett, 47 La. Ann. 1534, 18 So. 510; Hake v. Lee, 104 La. 123, 28 So. 1003; Succession of Theriot. 118 La. 648, 43 So. 265; J. S. Terry Const. Co. v. Jas. K. Sutherlin et al., 145 La. 397, 82 So. 384; Landry v. T. LeBoeuf & Sons, 153 La. 31, 95 So. 391; Wm. D. Seymour & Co. v. Castell, 160 La. 371, 107 So. 143.

Unless, therefore, comfort and relief are afforded appellant by Act No. 234 of 1932, which, according to its title, is an act "to regulate the dismissal of appeals by Appellate Courts," appellant has lost her right to appeal and the motion to dismiss must prevail.

That statute, by its express terms, affords relief in certain cases to an appellant who "files an incomplete transcript," or "files the transcript or a further application for an extension, within three judicial days after the return day, or omits to file as part of the record any transcript exhibits offered in evidence, or whenever because of any error on the part of the Clerk of Court or of the trial Judge, or for any purely technical reason, a motion to dismiss his appeal is filed.  *  *  *" It appears that appellant, by the admission of her counsel, has neither filed an incomplete transcript, nor has she filed a further application for an extension "within three judicial days after the return day."

It will be noted that the act does not in any way change the rule to which we have referred that, where an extension has been granted, the transcript must be filed on or before the day fixed in the order granting the extension. The act is plainly an expression of legislative intent that, where some form of transcript is filed, either within the time originally fixed, or within the time fixed in the order granting an extension, the appeal must not be dismissed for informalities or omissions or technicalities. But we cannot gather from it any expression of intention to grant additional delays for the filing of some form of transcript.

Appellant's counsel explains that the delay resulted from the fact that he was in another parish on the final day and returned to his office in this parish "too late to secure the transcript."

We have no discretion to grant additional time to an appellant. If the delay is attributable to appellant, or to appellant's counsel, the appeal must be dismissed. See Wm. D. Seymour & Co. v. Castell, 160 La. 371, 107 So. 143, 144, in which the court said:

"It was the duty of the appellant himself to see that the transcript reached this court on or before the expiration of the delay in which to file it."

The motion to dismiss the appeal is sustained, and the appeal is dismissed.

Appeal dismissed.