## COMFORT v. MOTOR SERVICE CO., Inc., et al.
### No. 4626.

Court of Appeal of Louisiana. Second Circuit.

March 29, 1934.

Hugh T. Layne and W. F. Pipes, both of Monroe, for appellants.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff brought this suit against the defendants, Motor Service Company, Incorporated, Southland Securities Company, Incorporated, and J. W. Powers, to recover damages for the alleged unlawful seizure and detention of a Chevrolet automobile which she asserts is her separate property. The petition, which is quite lengthy, sets up in detail the various acts, judicial and otherwise, which it is contended constitute a joint scheme or conspiracy by these defendants to illegally and wrongfully deprive plaintiff of the possession and enjoyment of said automobile.

We do not know the exact nature of the defenses interposed by the several defendants, as their answers are not in the record. It appears, however, that Powers and the Motor Service Company, Inc., under some theory of their rights against their codefendant, Southland Securities Company, Inc., coupled with their answers a call in warranty on this defendant. As the answers are not in the record, we are not able to determine the exact nature of these warranty calls. The record does not otherwise enlighten us in this respect.

After trial, at which all parties to the suit were present and represented by counsel, there was judgment for plaintiff recognizing

her ownership of the car in question and awarding her judgment for $300 damages against all defendants in solido.

Powers and the Motor Service Company, Inc., appealed devolutively from said judgment, and Southland Securities Company, Inc., appealed suspensively therefrom. It appears from the record that execution issued on the judgment against the two defendants who appealed devolutively, and the account of the Motors Service Company in a bank was garnished. The fund seized under the garnishment process was sufficient to satisfy the judgment, and as a result plaintiff has been paid the full amount thereof.

The Southland Securities Company, Inc., has made no appearance in this court nor filed brief. Plaintiff filed a motion to dismiss these appeals on the ground and for the reason that the transcript was not timely filed and that it is incomplete and deficient in several respects, namely:

That the answers of all defendants, petition and order for forthcoming bond, and the bond for release of sequestration, some letters between counsel of record, one from the counsel of Southland Securities Company to the sheriff of Ouachita parish directing the release of the car in controversy to Motor Service Company, all offered in evidence, as well as other documents forming a part of the transcript, are all omitted from the transcript.

We find that the facts set out in the motion to dismiss are well founded. The papers and documents mentioned are not in the record. Through whose fault this occurred, we are not advised. The clerk's certificate to the transcript is in correct form and states that it contains all pleadings, judgments, orders, evidence, and exhibits, etc., in the case. There is no suggestion or intimation by any one that the fault is imputable to the clerk or plaintiff. It is alleged in the motion to dismiss, and confirmed by our own record, that the transcript in the case was sent to counsel of two of the appellants on May 26, 1933, and the motion further avers that it remained in possession of this counsel to within three weeks of the date the case was argued and submitted, and therefore knowledge of the defective character of the transcript was imparted to such counsel.

The return day for the appeal was May 8, 1933. It was filed May 11th. This was within the grace period allowed by law, and therefore timely. Cann v. Ruston State Bank, 155 La. 283, 99 So. 221; F. & M. Aid Ass'n v. Strawbridge, 24 La. Ann. 126.

We cannot undertake a consideration of the case on its merits because of the incompleteness of the transcript. The motion to dismiss the appeal was filed four or five days before the case was argued in this court. No motion has been made or other action taken by appellants to have the case remanded for purpose of completing the transcript, nor have the omitted documents and papers been offered for filing in this court by way of supplemental transcript.

The motion to dismiss the appeals must be sustained, and the appeals are hereby dismissed.