O’NIELL, Chief Justice.
 

 The defendant, who is the appellee in this case, has filed a motion to dismiss the appeal, on the ground that the transcript was not filed within the time allowed. Before the expiration of the time allowed in the order of appeal, for filing the transcript, the appellant obtained an order of this court extending the time four weeks; but she did not file the transcript until the second day after the four weeks had expired.
 

 Counsel for the appellant claims that the transcript is incomplete, in that certain documents are omitted, through no fault of the appellant or her counsel; hence he contends that the appellant is protected by Act No. 234 of 1932, p. 739, and, accordingly, that the appeal should not be dismissed until the appellant has had time to supply the omissions or correct the errors in the transcript. The statute, however, is not applicable to a case where the transcript was not filed within the time allowed by -the order of appeal or by an order extending the return day. The statute declares, substantially, that, if an appellant fifes an incomplete transcript in the appellate court on or before the return day, or within three days thereafter, — or obtains an order of extension on or before the return day or within three days thereafter, and then files the transcript before the expiration of the extension — the appellate court shall not dismiss the appeal on the ground that the transcript is incomplete, or because of any error of the clerk of court or of the judge, “or for any purely technical reason,” without first allowing the appellant at least two legal days in which to correct the error or errors, or omission or omissions, in the transcript. The motion to dismiss this appeal is not founded upon an alleged error or omission in the transcript; it is founded upon the failure of the appellant to file the transcript within the additional time allowed by the order of this court. Although the law allows three days of grace for the filing of a tr.anscript of appeal within the time allowed by the original order granting the appeal, the law does not allow additional days of grace when
 
 *891
 
 the time is 'extended to a date fixed by an order of the appellate court. Hence, if the transcript is not filed in the appellate court on or before the date fixed by the order extending the return day, the appeal must be dismissed if the appellee demands its dismissal, even though the transcript was filed within three days after the expiration of the extension. Cane v. Caldwell & Kahn, 28 La.Ann. 790; Bienvenu v. Factors’ & Traders’ Insurance Co., 28 La.Ann. 901; Von Hoven v. Von Hoven, 43 La.Ann. 1170, 10 So. 294; Archer v. Gonsoulin, 46 La.Ann. 141, 15 So. 49; Hudson v. Garrett, Sheriff, et al., 47 La.Ann. 1534, 1535, 18 So. 510; Mutual Loan & Building Association v. First African Baptist Church, 48 La.Ann. 1458, 21 So. 24; Gigand v. City of New Orleans, 52 La.Ann. 1259, 27 So. 794; J. S. Terry Construction Co. v. James K. Sutherlin Co., 145 La. 397, 82 So. 384; Landry v. Le Boeuf & Sons, 153 La. 31, 95 So. 391; Cann v. Ruston State Bank, 155 La. 283, 99 So. 221.
 

 The appeal is dismissed.