199 So. 398

**AARON et al. v. MIZER et al. (HAAS, Intervener).**

**No. 35978.**

Dec. 2, 1940.

Ledoux R. Provosty, of Alexandria, for W. D. Haas, Jr., intervener, appellant.

Samuel J. Tennant, Jr., of New Orleans, for appellee.

Couvillon & Couvillon, of Marksville, for defendants, appellees.

LAND, Justice.

Plaintiffs, as co-owners of 9.701 acres, more or less, situated in the 10th Ward of Avoyelles Parish, in this State, in Section 7, Township 2 South, Range 3 East, brought suit against defendant, Sue Calligan Aaron Mizer, asking for a partition by licitation.

Plaintiffs alleged affirmatively that the property was valuable oil property, offsetting producing acreage, and was indivisible in kind, and that they did not desire to remain any longer as owners in indivision.

The defendant answered, alleging that the property should be partitioned in kind.

The appellant herein, W. D. Haas, Jr., intervened, alleging that he had an interest by virtue of oil, gas and mineral leases covering the property, and prayed, in the event that partition in kind or by licitation be ordered in the suit, that the property so to be partitioned should remain subject to intervener's oil, gas and mineral leases in the hands of the owners, or of the purchasers at the licitation sale.

From a judgment ordering the partition to be made by licitation, the intervener took a suspensive and devolutive appeal, which was made returnable to this court on August 30, 1940. The order granting the appeal is of date July 26, 1940 (Tr. p. 101). And, on the same date, the appeal bond was filed in the District Court for the Twelfth Judicial District, Parish of Avoyelles (Tr. p. 103).

The transcript in this appeal was not filed in this court until *September 11, 1940*. No extension of time to lodge the transcript was applied for by the appellant and more than three days expired after the return day. The motion to dismiss the appeal is made on the ground that the transcript was filed too late.

(1) We find in the record an affidavit dated September 10, 1940, made by the Deputy Clerk of the Twelfth Judicial District Court as an explanation for the fact that the transcript was being sent to the Clerk of the Supreme Court on September 10, 1940, instead of some time prior to August 30, 1940, the return date of the appeal to this court. It is stated in this affi-

davit that the transcript of appeal was paid for by appellant on August 22, 1940; that, on August 24, 1940, the transcript of appeal was shipped, by express, by the Deputy Clerk to Mr. Le Doux R. Provosty, Alexandria, La., instead of to the Clerk of the Supreme Court, as was intended, through mistake or inadvertence, and was returned by Mr. Provosty to the Clerk's office on September 10, 1940, with the request that it be mailed or shipped to the Clerk of the Supreme Court.

We also find in the record an affidavit, dated September 10, 1940, made by Le Doux R. Provosty to the following effect:

"That he is attorney of record for W. D. Haas, Jr., intervenor in suit No. 10,440, entitled 'Amos Aaron, et al. v. Sue Calligan Mizer,' on the docket of the 12th Judicial District Court of the Parish of Avoyelles, Louisiana."

"That said appeal was made returnable to the Supreme Court of Louisiana on August 30, 1940. That through mistake and inadvertence of the Clerk of the 12th Judicial District Court, the transcript of appeal was shipped by express to affiant's office in Alexandria, Louisiana, by said Clerk of Court instead of being deposited in the office of the Clerk of the Supreme Court, according to law. That said record arrived at the office of affiant in Alexandria, Louisiana, during the vacation and absence of affiant's secretary and during the absence of affiant. That affiant did not discover said mistake until the expiration of the return date, namely, August 30, 1940, when he immediately notified the Clerk of his error and sent the record to Marksville,

Louisiana, on or about the 10th day of September, 1940."

From above facts, it is clear that appellant entrusted the transcript to the Clerk of the District Court for filing in the Supreme Court. It is no part of the duties of clerks of district courts to file transcripts of appeal in the Supreme Court. But, as said by the court in Kirkland v. Edenborn, 140 La. 669, 670, at page 672, 73 So. 719, at page 720:

"It is the duty of the appellant to file the transcript in the Supreme Court within the time prescribed by law. C.P. arts. 883, 884.

"If the transcript be not filed, the appeal will be dismissed, although the clerk of the court a qua had promised to file it in the Supreme Court.

"In such case the clerk is the agent of the appellant. See A. Brother, Syndic., v. Bank of Louisiana, 10 La.Ann. 147, citing McDowell v. Read, 5 La.Ann. 42.

"These authorities dispose of defendant's contention that it was the official duty of the clerk of the district court to file the transcript of appeal in the Supreme Court."

In the case of Cann v. Ruston State Bank, 155 La. 283, 99 So. 221, the Clerk of the District Court, acting under instructions of counsel for the appellant, delivered the transcript to an express company for transmission to the Clerk of the Supreme Court. The express company did not deliver the package until after the return day. The court said, 155 La. at pages 284 and 285, 99 So. at page 221: "The law is clear that, if the transcript is not filed on or before the day fixed by

the trial court, or within three days after that day, when no valid extension of time has been granted, the appeal will be dismissed on motion of the appellee. Holz v. Fishel, 40 La.Ann. [294], 295, 3 So. 888; Redmond v. Mann, 23 La.Ann. 373; Farmers' & Manufacturers' Association v. Strawbridge, 24 La.Ann. 126; Pierce v. Cushing, 33 La.Ann. 401; De Bouchel v. Her Husband, 34 La.Ann. 102."

At pages 285 and 286 of 155 La., at page 221 of 99 So., of Cann v. Ruston State Bank, cited supra, the court also said: "Since it is the duty of the appellant to file the transcript here, it follows that if he intrusts the transmission of it to another for filing, the one to whom it is intrusted becomes the agent of the appellant for the purpose of transmitting it, and if the agent selected is negligent in discharging the duty assumed, the negligence is imputable to the appellant. Thus, it has been held, where the clerk of the trial court promised to attend to the filing of the record in this court, that the clerk for that purpose became the agent of the appellant, and that the latter was chargeable with the fault of the clerk in failing seasonably to transmit the record for filing. Brother, Syndic., v. Bank of Louisiana, 10 La.Ann. 147; McDowell and Peck v. Read, 5 La. Ann. 42."

■ In Dupierris v. Sparicia, 164 La. 290, 113 So. 851, it is said by the court at page 291 of 164 La., 113 So. at page 851, of the opinion: "The rule is settled beyond controversy that, where the appellant perfects his appeal and fails to

file the transcript on or before the return day or within the delays of grace following the return day, he is *conclusively presumed* to have abandoned the appeal, *and this conclusive presumption can only be avoided by timely application to the appellate court for an extension of the return day.*" (Italics ours.)

■ As no application for such extension was made by appellant, he is conclusively presumed to have abandoned the appeal, and cannot avoid such conclusive presumption by relying upon the mistake or inadvertence of the deputy clerk, his agent, in shipping the transcript by express to the attorney of appellant, and thereby causing the delay in filing the transcript in this court.

(2) Act 234 of 1932 declares substantially that, if an appellant files an incomplete transcript in the appellate court *on or before the return day, or within three days thereafter—or obtains an order of extension on or before the return day or within three days thereafter and then files the transcript before the expiration of the extension*—the appellate court shall not dismiss the appeal on the ground that the transcript is incomplete, or because of any error of the clerk of court or of the judge, "or for any purely technical reason," without first allowing the appellant at least two legal days in which to correct the error or errors, or omission or omissions, in the transcript.

■ In Dent v. Dent, 189 La. 888, pages 890, 891, 181 So. 435, it was held that Act 234 of 1932 was inapplicable in that

case for the following reasons: "The motion to dismiss this appeal is not founded upon an alleged error or omission in the transcript; it is founded upon the failure of the appellant to file the transcript within the additional time allowed by the order of this court. Although the law allows three days of grace for the filing of a transcript of appeal within the time allowed by the original order granting the appeal, the law does not allow additional days of grace when the time is extended to a date fixed by an order of the appellate court. Hence, if the transcript is not filed in the appellate court on or before the date fixed by the order extending the return day, the appeal must be dismissed if the appellee demands its dismissal, even though the transcript was filed within three days after the expiration of the extension. Cane v. Caldwell & Kahn, 28 La.Ann. 790; Bienvenu v. Factors' & Traders' Insurance Co., 28 La.Ann. 901; Von Hoven v. Von Hoven, 43 La.Ann. 1170, 10 So. 294; Archer v. Gonsoulin, 46 La.Ann. 141, 15 So. 49; Hudson v. Garrett, Sheriff et al., 47 La.Ann. 1534, 1535, 18 So. 510; Mutual Loan & Building Association v. First African Baptist Church, 48 La.Ann. 1458, 21 So. 24; Gigand v. City of New Orleans, 52 La.Ann. 1259, 27 So. 794; J. S. Terry Construction Co. v. James K. Sutherlin Co., 145 La. 397, 82 So. 384; Landry v. Le Boeuf & Sons, 153 La. 31, 95 So. 391; Cann v. Ruston State Bank, 155 La. 283, 99 So. 221."

Our conclusion is that Act 234 of 1932 is not applicable where the motion to dismiss the appeal is made on the ground that the transcript was not filed by appellant in the Supreme Court on the return day, nor within three days thereafter, nor within the time granted by the extension for filing.

The appeal is dismissed.