PONDER, Justice.
 

 The appellees, E. N. Kilpatrick et al., have moved to dismiss the appeal in this case.
 

 A judgment adverse to the plaintiffs was rendered and signed in the trial court on July 19, 1941. On that date an ordér of appeal was granted to the plaintiffs, Mrs. J. L. McDermott et ah, returnable to this court on August 25, 1941, and the amount of the appeal bond fixed. Counsel for the plaintiffs timely filed the appeal bond and instructed the clerk of the District Court to prepare the transcript for transmission to the Supreme Court. The transcript was prepared and the chief deputy clerk of the District Court delivered it to the railway express company on August 20, 1941, properly addressed to the Supreme Court for delivery. The express company gave the chief deputy clerk of the District Court a receipt and a bill of lading showing the transcript was delivered to them on that date. On the same date the chief deputy clerk of the District Court mailed a letter to the clerk of the Supreme Court, enclosing the filing fee of $25 and notifying the clerk of the Supreme Court that the transcript was that day being forwarded. This letter was received by the clerk of the Supreme Court on August 21, 1941. On August 29, 1941, the clerk of the Supreme Court notified the clerk of the trial court that the transcript had not been received. The transcript was not filed in this court until September 11, 1941. On September 15, 1941, the defendants, appellees, moved to dismiss the appeal on the ground that- the transcript was not timely filed. The1 motion was answered by the plaintiffs, appellants, and the matter has been submitted for our determination.
 

 
 *1058
 
 ■ It is in effect set out in the plaintiffs’ answer to the motion to dismiss the appeal that the transcript was mislaid by the express company while it was in transit; that plaintiffs’ counsel and the clerk of the trial court made every effort to locate the transcript .within the time allowed to file it without avail; that the failure to timely deliver the transcript to the Supreme Court was due entirely to the negligence of the express company; that the delay in the filing of the transcript was occasioned by circumstances entirely beyond the control of plaintiffs’ counsel and the clerk of the trial court; and that the filing fee is an indispensable part of the transcript which was received in due time by the clerk of the Supreme Court.
 

 Under the provisions of Articles 587, 883 and 884 of the Code of Practice it is the duty of the appellant to file the transcript within the time prescribed by law.
 

 In the case of Aaron v. Mizer, 196 La. 481, 199 So. 398, we had occasion to review the prior jurisprudence on this subject matter and affirm the- well-settled rule that where an appellant effects his appeal and fails to file the transcript on or before the return day or within the days of grace following the return day he is conclusively presumed to have abandoned the appeal. This conclusive presumption can only be avoided by timely application to the appellate court for an extension of the return day.
 

 The appellant has advanced the following eight contentions why the appeal should not be dismissed, viz.:
 

 “First, the fact that the filing fee was lodged in the Supreme Court four days prior to the return day. This negatives and rebuts any presumption to the effect that this appeal was abandoned and shows the good faith of appellants. Further, this filing fee is an indispensable part of the record on appeal.
 

 “Second, the clerk of the Supreme Court was notified that the transcript had been forwarded by express four days prior to the return day, but did not notify either appellants or the clerk of the District Court that the transcript had not arrived until four days after the return day.
 

 “Third, appellants used all due care possible by forwarding the transcript five days before the return day. Under these circumstances; an’d not being notified to the contrary, appellants had a right to assume that the transcript was timely delivered.
 

 “Fourth, this case was decided by the lower court, orders of appeal granted and the return day fixed during vacation of the Supreme Court.
 

 “Fifth, Act 234 of 1932 should govern the facts of this case, particularly in view of the fact that the filing fee was timely lodged.
 

 “Sixth, no one was injured or prejudiced as a result of the delay in filing this transcript.
 

 “Seventh, the delay in filing this transcript was due to circumstances beyond the control of appellant and the clerk of the District Court.
 

 
 *1060
 
 “Eighth, there was no opportunity for counsel for appellants to file an application for an extension of time in which to file the transcript for the reason that the time for filing such an application had passed before appellants had notice that the transcript had not been filed.”
 

 Practically all the contentions raised by the appellees are answered in the case of Aaron v. Mizer, supra, in reviewing the prior jurisprudence touching this subject matter.
 

 Under Section 1 of Act 75 of 1906 the clerk of the Supreme Court is entitled to receive a fee of $25 in civil cases from the appellant to cover the cost due him. This filing fee could in no way be considered a part of the transcript. Article 585 of the Code of Practice provides that when an appeal is taken the clerk of the trial court shall make a transcript of all the proceedings as well as of all the documents filed in the suit. Rule 1 of the Supreme Court provides what a transcript shall contain and the manner in which it is to be transcribed. From a mere reading of the article of the Code of Practice and the rule of the Supreme Court referred to it is apparent that the filing fee forms no part of the transcript.
 

 The motion to dismiss this appeal is not based upon an alleged error or omission in the transcript but is founded upon the failure of the appellant to file the transcript in the Supreme Court on the return day, or within three days thereafter. Therefore, Act 234 of 1932 is not applicable. Aaron v. Mizer, supra.
 

 It is well settled that it is no part of the duties of the clerk of the District Court to file transcripts of appeal in the Supreme Court. Kirkland v. Edenborn, 140 La. 669, 73 So. 719; Aaron v. Mizer, supra. Where an appellant entrusts the transcript to the clerk of the District Court for filing in the Supreme Court, the clerk is the agent of the appellant. Brother, Syndic., v. Bank of Louisiana, 10 La.Ann. 147; Aaron v. Mizer, supra.
 

 In the case of Cann v. Ruston State Bank, 155 La. 283, 99 So. 221, wherein the clerk of the District Court, acting under the instructions of counsel for the appellant delivered the transcript to an express company for transmission to the clerk of the Supreme Court and the express company failed to deliver the package until after the return date, this court in effect stated that the law is clear that, if the transcript is not filed on or before the day fixed by the trial court or within three days thereafter, when no valid extension of time has been granted, the appeal will be dismissed on motion of the ■appellee. It is also in effect stated therein that it is the duty of the appellant to timely file the transcript and if the appellant entrusts the transmission of the transcript for filing to another the one to whom it is entrusted becomes the agent of the appellant for the purpose of transmitting it. It is also stated there that if the agent selected by the appellant is negligent in discharging that duty the negligence is imputable to the appellant and that the appellant is chargeable with the fault ,of
 
 *1062
 
 the agent in failing to timely transmit the record for filing. This doctrine was cited with approval in Aaron v. Mizer, supra.
 

 The appellant in this case having failed to timely file the transcript without securing an order for an extension of the return day is conclusively presumed to have abandoned the appeal and cannot avoid such conclusive presumption by relying on the mistake or inadvertence of the deputy clerk, his agent, in shipping the transcript by express, who negligently failed to deliver the transcript in time. Aaron v. Mizer, supra; Cann v. Ruston State Bank, supra.
 

 The appellant is under the impression that an exception with reference to the filing of the transcript should be made during the vacation of the Supreme Court. We know of no authority to that effect and none has been cited by the appellant. The office of the clerk of the Supreme Court is open during the vacation of the court to receive and file transcripts, documents and proceedings. Moreover, the appellant admits in his answer to the motion to dismiss the appeal that the judgment of the lower court was rendered and signed in chambers, the order of appeal granted and the bond fixed during the vacation of the lower court with the consent of the appellant.
 

 The appellant seems to rely on the case of Nunez v. Serpas et al., 198 La. 415, 3 So.2d 673. The case is not in point for the reason that the failure to timely file the transcript was not involved therein. The question involved therein was a defective or incomplete transcript.
 

 Motion sustained. Appeal dismissed at appellants’ cost.