REGAN, Judge.
The plaintiff, Alvin Crosby, a repairman’s helper, instituted this suit against the defendant, Lone Star Cement Corporation, his employer, endeavoring to recover compensation at the rate of $30 per week for a’ -period of four hundred weeks for total and •permanent disability,' medical expenses and' attorney’s fees, as 'a result of an injury which he received on December 2, 1954, resulting in fractures of the bones of his right leg, ankle; foot and residuals.
The defendánt answered admitting the injury to plaintiff, but insisted that he had’ "been paid all compensation to which he was ■entitled. • - •
From a judgment in favor of the •plaintiff awarding him total and permanent, •disability, defendant was granted, on June 12, 1956, an appeal returnable to this court on July 11, 1956. The appeal was perfected “by the, giving of bond but the transcript was not filed until July 18, 1956. Appellee •now moves to dismiss the appeal on that •ground.
The motion is well taken. It is established that where the appellant perfects the appeal and fails to file the transcript on or before the return day, or within the three day grace period following the return day (unless extended by order of the appellate court) he is conclusively presumed to have abandoned the appeal. Articles 587, 589, 590, 883 and 884, Code of Practice; Whitney Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co. Ltd., 146 La. 572, 83 So. 834; Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Aaron v. Mizer, 196 La. 481, 199 So. 398 and W. T. Burton Co., Inc., v. Stevens & Co., Inc., 216 La. 1090, 45 So.2d 634.
For the reasons assigned the appeal is dismissed.
Motion to dismiss sustained.