MOISE, Justice.
William E. Bess and Green W. Hicks, Jr., filed a third opposition in the above numbered and entitled suit. To this opposition the plaintiff filed an exception of no legal right or cause of action. The exception was sustained and suit dismissed. The third opponents appealed. The appeal was made returnable to this Court for December 20, 1954. The record was not filed in this Court until March 17, 1955. We have under consideration plaintiff’s motion to dismiss the appeal.
“ * * * It is established that where the appellant perfects the appeal and fails to file the transcript on or before the return day, or within the three day grace period following the return day (unless extended by order of the appellate court), he is conclusively presumed to have abandoned the appeal. Articles 587, 588, 589, 590, 883 and 884, Code of Practice; Whitney Central Trust & Savings Bank v. Greenwood Planting & Mfg. Co., Ltd., 146 La. 572, 83 So. 834; Dupierris v. Sparicia, 164 La. 290, 113 So. 851; Aaron v. Mizer, 196 La. 481, 199 So. 398 and McDermott v. Kilpatrick, 198 La. 1053, 5 So.2d 332.” W. T. Burton Co., Inc. v. Stevens & Co., Inc., 216 La. 1090, 45 So.2d 634. See Southern Premium Service v. Oddo, 226 La. 95, 75 So.2d 20; Merchants and Manufacturers Bank of Ellisville, Miss. v. Southern Engineering & Construction Co., Inc., 228 La. 610, 83 So.2d 645.
Appellants and the third opponents contend that plaintiff did not file in this Court the motion to dismiss until October 25, 1956, more than three days after the return day set by the trial court. Second, they argue that the clerk of the district court failed to lodge a transcript in this Court on the return day, or within the grace period. They also cite as authority for their position the case of Wilson v. Lee, La.App., 196 So. 373.
In all instances the third opponents are in error. First, because it is the law that the appellant must file the transcript in our Court within the time prescribed by law. Code of Practice, art. 883; Aaron v. Mizer, 196 La. 481, 199 So. 398. If the transcript be not filed the appeal must be dismissed, *497 although the clerk of the court a qua had promised to file it in the Supreme Court. Brother v. Bank of Louisiana, 10 La.Ann. 147, citing McDowell v. Read, 5 La.Ann. 42. Rule 3 of our Court provides that the appellant must follow the requirements of art. 883 of the Louisiana Code of Practice, reading:
“If the appellant has not filed in the Supreme Court, on the day appointed by the inferior judge, the record from the court below, and was prevented from doing so by any event not under his control, he may either in person or by attorney apply to the court before the expiration of three days, after which the appellee may obtain a certificate from the clerk declaring that the record has not been filed, and may demand a further time to bring it up, which may be granted by the court if the event causing the delay be proved to its satisfaction; * * *.”
Opponents cite as authority the cases of Esparros v. Vicknair, 191 La. 193, 184 So. 745, and Pool v. Gaudin, 207 La. 403, 21 So.2d 424, which hold:
“It is the accepted rule and jurisprudence of this court that a motion to dismiss an appeal on account of any defect, error, or irregularity in the order of appeal, or in the appeal bond, which is not jurisdictional and which does not strike at the foundation of the right of appeal, must be filed within three days after the return day.”
The above ruling does not apply; because, here we are considering a motion to dismiss an appeal because a transcript was not timely filed, and not because of any irregularity in the order of appeal or appeal bond.
For the reasons assigned, the appeal must be dismissed. All costs to be paid by appellants.