McBRIDE, Judge.
Plaintiff, alleging he was tortiously shot and seriously wounded by two deputy sheriffs of the Parish of Jefferson, brought suit against them and also against the Sheriff of said parish, in solido, for damages. The matter was tried on its merits, and on January 11, 1963, plaintiff recovered judgment against all three defendants (one of whom is Deputy Hill), in solido, for large amounts.
Ten days later, the three defendants filed a petition for and were granted a suspensive appeal, but because they were public officials of the State of Louisiana, the judge dispensed with their furnishing bond “for costs.” Subsequently (on February 18, 1963), well after the passage of the fifteen-day period provided by law for the perfecting of a suspensive appeal as per Art. 2123, LSA-C.C.P., plaintiff moved the court below to dismiss the appeal on the ground that defendants had not furnished an appeal bond as required by law, and after a hearing, the trial judge concluded that the defendants were not exempt from furnishing an appeal bond; however, instead of dismissing their appeal for failure to furnish an appeal bond, the court, rightly or wrongly, granted defendants a period of four days within which to file a bond in support of the appeal. Otherwise, the suspensive ap *253 peal was to stand as dismissed. Notwithstanding the granted four-day delay, no bond was filed, and on April S, 1963, on plaintiff’s motion, the suspensive appeal was dismissed
On May 1, 1963, a summons was issued to Hill to appear in the court below on May 17, 1963, in order that plaintiff might exercise his right to examine him in matters pertaining to his estate. On May 22, 1963, Hill filed a suspensive appeal bond in the sum of $10,000, and on the same day moved for and obtained the issuance of a rule nisi to plaintiff to show cause why certain levies on his property under fieri facias should not be recalled and why the ex parte order of April 5, 1963, dismissing the appeal should not be declared null and void and the appeal reinstated, or, in the alternative, why Hill should not be granted a devolutive appeal. It will be noted that Hill’s appeal bond was filed after the delay provided by law for the taking of a devolutive appeal. See LSA-C.C.P. art. 2087.
On August 8, 1963, the court enjoined plaintiff from proceeding with the seizures of Hill’s property. The judgment also provided that Hill “is herewith granted a sus-pensive appeal in this matter.” The record was lodged in this court on October 31, 1963, the extended return day for the appeal of August 8th.
The appellee has moved to dismiss the appeal on several grounds which need not be mentioned. Our opinion is that the appeal granted Hill on August 8, 1963, must be dismissed because we have no jurisdiction thereof.
As before stated, the initial appeal, i. e., the one granted January 21, 1963, was dismissed by the lower court on April 5, 1963, and no proceedings were taken or are pending looking toward a review of said judgment of dismissal. The appeal we are considering is the one of August 8, 1963, which was granted nearly eight months after the rendition of the judgment. This appeal came too late, which fact we are bound to notice sua sponte.
Hill did not apply for a new trial and an appeal from the judgment for damages could only have been taken at furthest ninety days from the expiration of the delay for applying for a new trial. See LSA-C.C.P. arts. 1974, 2087, and 2123. After the right of appeal has lapsed through the fault, negligence or inaction of the appellant, an appellate court cannot legally take cognizance of the appeal and hence has no jurisdiction thereof. Redmond v. Mann, 23 La.Ann. 373.
The record does not show that plaintiff received notice of the judgment of January 11, 1963 (see Art. 1913, LSA-C.C.P.), but that is of no moment because when his counsel perfected the first appeal on January 21, 1963, the matter of notice of judgment passed out of the case.
Appellant Hill importunes us to take into consideration the fact his former attorney never advised him whether he had won or lost the case or that he was entitled to appeal or that he had only four days counting from March 27, 1963, within which to file an appeal bond to support the first appeal which is said to have been taken without his knowledge and that unless the judgment for damages is reviewed and reversed, he stands to lose his entire worldly possessions under execution. Appellant does not charge counsel with bad faith or fraud nor does he allege there was collusion on anyone’s part. If Hill’s former attorney neglected to advise him of the outcome of the case or of his rights or what had been done or what was expected of him by virtue of the court’s order to furnish bond within four days, that is indeed unfortunate for him, but we are powerless to consider an appeal perfected after the delays for taking same had elapsed.
The appeal is dismissed.
Appeal dismissed.